### Gerrity Boor v. Samuel A. Tolman.

#### Gen. No. 11,005.

1. CONSOLIDATION OF CORPORATIONS—*when, unauthorized.* Where a consolidation of banks is made pursuant to an invalid statute, such consolidation is inoperative and void.

2. STOCKHOLDER'S LIABILITY—*when, will not be enforced.* Where the defendant was a stockholder in a banking corporation organized

Boor v. Tolman.

under a special act of the legislature which imposed a stock liability equal to the amount of his stock, and such corporation subsequently is sought to be consolidated with another banking corporation, such special stock liability will not be enforced in an action against such supposed consolidated corporation where it appears that such attempted consolidation was void.

3. STOCKHOLDER'S LIABILITY—*when, will not be enforced.* Where a person was the owner of stock in a banking corporation organized under special charter, which subsequently changed its name, pursuant to the act of June 16, 1887, such person becomes relieved of any special stock liability imposed by the special charter of the corporation in which his stock was originally held, inasmuch as the provisions of such law of 1887 becomes substituted for such special charter.

4. STOCKHOLDER'S LIABILITY—*when, arises.* A special stockholder's liability accrues at the time the cause of action arises against the corporation and not at the time judgment is rendered against it.

Action of debt to enforce liability of stockholder. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed March 18, 1904.

**Statement by the Court.** Plaintiff in error brought an action of debt in the Circuit Court against the defendant in error to enforce his liability as a stockholder in the South Side State Bank, for the payment of a judgment for $781.67 which she recovered against the bank, February 10, 1894. The Circuit Court directed a verdict for the defendant, and from the judgment on that verdict this appeal is prosecuted.

February 20, 1861, the German Savings Bank of Peoria was incorporated, and March 13, 1869, the Germania Bank of Chicago was incorporated, each by special charter containing a provision making each stockholder liable at law, to a creditor, to an amount equal to the amount of his stock. Neither of the charters contained any provision authorizing change of name, change of place of business, or consolidation with another corporation.

The declaration alleged that December 5, 1872, the name of the first-named bank was changed to German-American Savings Bank of Chicago and its place of business changed to Chicago; that June 9, 1874, said bank and said Germania bank were consolidated under the name of the German-American Bank of Chicago; that December 29, 1884, the

name of the bank was changed to Western Investment Bank of Chicago; that December 19, 1889, the name of the bank was changed to Western Trust and Savings Bank, and April 25, 1893, to South Side State Bank. Plaintiff in error introduced proof of the proceedings had to make the several changes above mentioned, in accordance with the provisions of the act of March 26, 1872, (1 Starr & Curtis, 624) providing for the change of the names of corporations. The liability of the South Side State Bank to plaintiff in error upon which her judgment is founded, grew out of a deposit of a check in the bank June 3, 1893.

Phelps & Cleland, for plaintiff in error.

Ashcraft & Ashcraft, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

The constitution of 1870, article 11, section 5, provides that no act of the General Assembly authorizing or creating corporations with banking powers shall go into effect unless the same shall be approved by a vote of the people of the state. The act of 1872 providing for the change of name and consolidation of corporations was not submitted to the people and was therefore, so far as it related to banking corporations, invalid. Sykes v. The People, 132 Ill. 32. The first act of the General Assembly relating to banking corporations adopted by the vote of the people of the state was the "Act concerning corporations with banking powers," approved June 16, 1887, and approved by the people at the general election held in November, 1888. Section 11 of that act makes provision for the change of name and for the consolidation of corporations with banking powers existing by virtue of any general or special law of the state, and further provides "that any corporation with banking powers availing itself of or formed under this act, and all corporations with banking powers existing by virtue of any special charter or general law of this state shall be subject to the provisions and requirements of this act, in every particular as if organized under this act." R. S., chapter 16a.

Section 4 of said act provides that proceedings for the change of name, place of business or number of directors of a corporation with banking powers had under the provisions of the act of 1872 "are hereby ratified and confirmed and made valid and legal in all respects as if made in pursuance of the provisions of this act." This section, it will be noticed, makes no provision for ratifying proceedings for the consolidation of corporations with banking powers had under the act of 1872.

The proceedings had June 9, 1874, by the stockholders of the German-American Savings Bank, and on the same day by the stockholders of the Germania Bank, to consolidate the two banks under the name of German-American Bank of Chicago, were taken under a statute which was invalid as applied to corporations with banking powers and were therefore inoperative and void. Sykes v. The People, *supra*. The only evidence in the record to show such consolidation is the record of said proceedings and that record did not prove the allegation of the declaration that under the proceedings above mentioned "the South Side State Bank became entitled to all the powers, privileges and immunities and undertook all the obligations and liabilities imposed by the said charters of the German Savings Bank of Peoria and the Germania Bank of Chicago."

But the judgment of affirmance in this case may be placed upon another ground. By instituting the proceedings for the change of the name of the Western Investment Company to the Western Trust and Savings Bank, December 19, 1889, and for the change of the name of the Western Trust and Savings Bank to the South Side State Bank, April 25, 1893, the banking corporation in question availed itself of the provisions of the act of June 16, 1887, and by the express provision of that act became subject to the provisions and requirements of the act in every particular as if organized under the act.

Plaintiff in error had no transaction with the South Side State Bank until several weeks after the name of the West-

ern Trust and Savings Bank was changed to the South Side State Bank by proceedings taken under the act of 1887. From the facts shown by this record we are led to the conclusion that the South Side State Bank was, at the time plaintiff in error deposited her check in that bank, subject to the provisions of the act of 1887 and not to the provisions of the special charter of either the German Savings Bank of Peoria or the Germania Bank of Chicago.

It is further contended that plaintiff in error was entitled to recover under the provisions of the act of 1887, but this contention is without merit; first, because the liabilities under that act cannot be enforced by a creditor of a bank in an action at law against a stockholder, and second, because it is not shown by the evidence that defendant in error was a stockholder in the South Side State Bank at the time the liability of that bank to plaintiff in error accrued.

The contention of plaintiff in error that such liability accrued only when the judgment was rendered is not tenable. The liability accrued when the cause of action arose upon which the judgment was founded and for which it was recovered.

As the conclusions above stated are fatal to the right of plaintiff in error to recover in this action, we do not deem it necessary to examine or consider the other grounds urged for the affirmance of the judgment.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*