## FRANK S. GLOVER v. R. C. STORRIE.

Delivered January 6, 1898.

**Street Improvement Certificate—Limitations.**

 A street improvement certificate, issued by a city under its charter, against the owner of an abutting lot, which is a lien upon the lot, is a tax levied and assessed against the property, and is not a contract in writing; and article 3354, Revised Statutes, which requires an action for debt, "where the indebtedness is not evidenced by a contract in writing, to be brought within two years," is applicable in a suit upon such certificate, as the action is not founded upon the written contract between the city and the street work contractor by virtue of which the work was done and the certificate issued. Following O'Connor v. Koch, 9 Texas Civil Appeals, 586.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*Frank S. Burke* and *S. E. Tracy*, for appellant.

*Ewing & Ring*, for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought January 27, 1897, by the appellee, J. C. Storrie, against Frank S. Glover, to recover upon a certain improvement certificate issued by the city of Houston under authority of its charter for work done by Storrie as contractor in the construction of a sewer in a certain sewerage district within the city. The petition alleged compliance by the city with all the requirements of the charter necessary to authorize the work, and that Storrie had entered into a contract therefor with the city on December 17, 1892, and had faithfully performed the work in accordance with the terms of the contract; that pursuant to the proceedings had, there had been issued to him, by the city, the improvement certificate sued upon, which bore date and became due and payable on April 14, 1894; and that by the contract, which was in writing, Storrie agreed to do the work for a specified price, which, pursuant to its charter, the city agreed should be a lien upon the property within the district and a personal charge against the owners thereof, and to issue street improvement certificates for the amounts to become due for the work. The petition prayed for a personal recovery against the defendant, as also for a foreclosure of the lien upon a certain lot therein described owned by the defendant and made liable for the amount in the suit by the assessment against it.

The appellant excepted to the petition on the ground that the cause of action accrued more than two years before the commencement of the suit and was barred by the statute of limitations. This defense was also presented by a special plea in bar. The cause was submitted to the court without a jury as an agreed case presenting the sole qestion of limitation, and the court held that the cause of action was not barred by limitation, and rendered judgment in favor of the appellee for the amount of the certificate with interest and with a foreclosure of the lien upon the lot of land.

Was the cause of action barred by the two years statute of limitation? In the case of O'Connor v. Koch, 9 Texas Civil Appeals, 586, this court held that the two years statute applied to an improvement certificate of the character here sued upon. The appellee contends, however, that the cause of action is not based or founded upon the certificate, but is founded upon a contract in writing; the one entered into between Storrie and the city of Houston for the construction of the sewer; or, if this be not the case, that the demand sued upon is not a debt within the meaning of the statute, and that the general statute of four years limitation should apply. The contract between Storrie and the city of Houston was only one of the requirements made necessary by the charter of Houston in order to fix a personal liability against the appellant for a proportionate share of the cost of the construction of the sewer, and a lien upon his lot for the amount assessed against it; and the action for the amount for which the appellant and his lot are liable can no more be said to be founded upon the contract than upon any other requirement of the charter necessary to authorize the assessment. Neither the contract under which the work was done, nor the certificate showing the amount assessed against appellant's lot, is the contract of the appellant. His liability is created by the action of the city under its charter. The contract in writing, mentioned in the statute, is a contract between the parties. Although in the opinion in the case of O'Connor v. Koch no notice was taken of the contract between the city and the contractor, we see no reason for changing the conclusion then reached by us, since the contract can be no more the foundation of the action than the certificate. We are also still of the opinion that the assessment comes within the decision of the case of Mellinger v. City of Houston, 68 Texas, 37, and that the two years statute should apply to the action as for debt rather than the general four years statute. It is a tax, although it may not be such a tax as to make it a lien upon the homestead, as held in the case of Higgins. v. Bordages, 88 Texas, 858. A discussion of the cases cited by the counsel for the appellee is deemed unnecessary. We adhere to our decision in the case of O'Conner v. Koch, which we think is decisive of this, and reverse the judgment of the court below. Judgment will be here rendered in favor of the appellant that the appellee take nothing by his suit.

*Reversed and rendered.*

Writ of error refused.