GEORGE W. MURRAY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. SPECIAL ASSESSMENTS—*effect where Supreme Court holds ordinance to be void.* A holding by the Supreme Court that a special assessment ordinance is void is in effect a setting aside of the assessment, and renders the judgment of confirmation void.

2. SAME—*when city is not barred by limitation from levying new assessment.* Section 48 of article 9 of the City and Village act, (Rev. Stat. 1874, p. 239,) providing that where a city has failed to collect the whole of an assessment it may, "within five years after the confirmation of the original assessment, direct a new assessment," etc., does not apply, as respects the five year limitation, where the assessment ordinance has been held void by the Supreme Court, as there is, in such case, no "confirmation."

APPEAL from the County Court of Cook county; the Hon. C. F. WHEAT, Judge, presiding.

THOMAS J. HOLMES, (LOWENTHAL & PROPPER, and THOMAS MARSHALL, of counsel,) for appellants.

CHARLES S. THORNTON, Corporation Counsel, ARMAND F. TEEFY, Assistant, E. O. BROWN, and E. S. METCALF, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a certain special assessment levied by the city of Chicago. On March 18, 1889, the village of Washington Heights passed an ordinance for the laying of water pipes in certain streets, to be paid for by special assessment. The assessment was made, and was confirmed by the county court by default. By the ordinance the assessment was divided into ten equal installments, but after four installments had been paid,

certain property owners who had been assessed failed to pay the fifth installment, and, on application by the collector for judgment of sale, interposed the objection that the ordinance was void on the ground that the statute then in force did not authorize the division of the assessment into more than five installments. The objection was sustained, and the judgment refusing an order of sale was affirmed by this court on appeal. (*People* v. *Nelson*, 156 Ill. 364.) Meanwhile the improvement had been completed and the work fully performed according to the ordinance. On November 12, 1890, the village of Washington Heights was annexed to the city of Chicago. On November 17, 1890, the village passed an ordinance providing for a supplemental assessment to supply the insufficiencies of the previous assessment. A petition for such assessment was filed in the county court, and an assessment roll making the same was duly confirmed except as to certain property objected for, a large portion of which is the same property here objected for in this case. On July 27, 1896, the city council of the city of Chicago passed an ordinance for a new assessment to pay the balance of the cost of the improvement, which ordinance recited in the preamble the first ordinance and the proceedings thereunder, and the decision of this court holding the assessment invalid because of its division into ten installments, and then provided that the actual cost of making such improvement, excluding the cost of assessing and attempting to collect the assessment theretofore levied, should be defrayed by special assessment, and directed that the property owners who had paid on account of the assessment theretofore levied should be credited with such amounts on the new assessment, and the remainder only should be confirmed as against their property. The commissioners reported the actual cost of said improvement at $62,829, and cost of making and levying the assessment $3017.73, making a total of $65,-846.73. They also reported that $39,846.73 had been paid

on the previous assessments, leaving a balance of $26,000 unprovided for. Of this amount $4845.65 was assessed by the commissioners to the city as public benefit, and the remainder, amounting to $21,154.35, was spread on the property benefited. The appellants filed forty-nine objections to the confirmation of the roll, which were all overruled by the court and judgment of confirmation entered, from which they have appealed to this court.

Counsel do not contend that where an assessment has been held invalid because of its division into installments contrary to the statute, an ordinance may not be passed for a new assessment to pay for the improvement completed under the former ordinance, (*West Chicago Park Comrs.* v. *Farber*, 171 Ill. 146,) but their principal contention in this court is, that the new assessment proceedings in this case are barred both by the general Limitation act and the special limitation contained in article 9 of the act on cities and villages. The only sections of article 9 relating to new or supplemental assessments are sections 46, 47 and 48. Each one of these sections provides for a different contingency. Section 46 provides that if any assessment shall be annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made and returned. Section 47 provides that if, in any case, the first assessment prove insufficient, a second may be made, and so on until sufficient moneys shall have been realized to pay for the improvement; and section 48 provides that if, from any cause, any city or village shall fail to collect the whole or any portion of any special assessment which may be levied, which shall not be canceled and set aside by the order of any court, the municipal authorities may, at any time within five years after the confirmation of the original assessment, direct a new assessment to be made, etc. In *Pardridge* v. *Village of Hyde Park*, 131 Ill. 537, the court set aside the original assessment roll after the lapse of twelve years, and ordered a new one made, and on review of the judgment confirming

the latter this court said that section 48 had no application where the original assessment was never confirmed, and that the limitation did not apply. (See, also, *Philadelphia and Reading Coal Co.* v. *City of Chicago,* 158 Ill. 9.) The language in section 48 is, "which shall not be canceled and set aside by the order of any court." The provision of the original ordinance dividing the assessment into ten installments was by the judgment of this court in *People* v. *Nelson, supra,* declared void, and the consequence was that the judgment of confirmation was also void. *Culver* v. *People,* 161 Ill. 89.

Counsel for appellants say that section 46 does not apply, because the assessment was not set aside. We are of the opinion that the effect of the judgment of this court was to set the assessment aside, and that therefore the proceedings for the new assessment properly fall under section 46, which contains no limitation. The supplemental assessment levied in 1890, under an ordinance appearing to have been passed by the village after its annexation to the city of Chicago, was made to supply a mere deficiency in amount, and even if the alleged village could then act, as it was a proceeding based on the same identical ordinance held void in the *Nelson case* for the reason stated, it was also unauthorized and void.

But it is urged that this proceeding is barred by section 15 of the general Statute of Limitations; that it is in effect an attempt by the city to sue the property owner for the cost of this improvement more than five years after the right of action accrued. That part of section 15 of chapter 83 of the Revised Statutes claimed to be applicable to this case provides that "all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued." Even if this provision of the statute had any application to proceedings of this character, the period of five years had not run. The first assessment was not set aside until 1895, and the right to make the new assessment did not

accrue until then, and as it was made in 1896 it was certainly not barred by this limitation.

Other objections of a technical character have been urged, but after a careful examination of the record we find they are untenable.

The judgment is affirmed.          *Judgment affirmed.*