THE DOLLAR SAVINGS BANK v. RIDGE et al., Appellants.

Division Two, July 2, 1904.

1. **ORDINANCE: Legality: Burden.** The burden of proving that the ordinance under which special taxbills were issued was not legally enacted, rests upon the party attacking its legality.

2. **———: ———: ———: Special Sessions of Council: Proclamation.** The mayor has the power to' call special sessions of the council, and that power does not depend upon any ordinance, but emanates from the charter. And proof that there was no other ordinance authorizing him to call special sessions

by proclamation except the one offered, is not proof that there was not a prior ordinance authorizing him to make publication of his proclamation.

3. ———: ———: ———: Publication: Former Adjudications. The decisions in the cases of Forry v. Ridge, 56 Mo. App. 615, and McQuiddy v. Vineyard, 60 Mo. App. 610, in which the same propositions involved in this case were determined, are approved, and for the reason given therein it is held that the publication of the mayor's proclamation convening the city council in special session was a legal method of convening the council, and hence the ordinance passed at such special session, authorizing the public work for which the special taxbills in suit were issued, was a valid ordinance.

4. TAXBILLS: Delay in Issuing. Where the first taxbills issued for a public improvement have, after long litigation, been declared void, the court will not refuse to enforce new taxbills on the ground of delay in issuing them.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*James G. Smart* and *Peak, Yeager & Strother* for appellants.

(1) (a) The charter of Kansas City provides that, "the common council shall hold a meeting on the third Monday in April in each year and thereafter on the first Monday of every month, but not oftener unless specially convened by the mayor in pursuance of law;" and further provides that, "the mayor shall call special sessions of the common council by proclamation which shall be published as may be provided by ordinance." Prior to the passage of Ordinance No. 1801, authorizing the construction of the sewer, no ordinance had been passed prescribing the manner of publishing the mayor's proclamation calling special sessions of the council; for this reason the special meetings held in June and July, 1890, at which Ordinance No. 1801 was passed, were illegally called, and no ordinance could be enacted at such meetings. Charter, art. 2, sec. 14; art.,

4, secs. 8, 11; Forry v. Ridge, 56 Mo. App. 615; West v. Ross, 53 Mo. 350; State v. Smith, 22 Minn. 222; Lord v. Anoka, 36 Minn. 176; People v. Batchelor, 22 N. Y. 128; Smyth v. Darley, 2 H. L. Cases 802; Bloomfield v. Bank, 121 U. S. 130; Angel and Ames on Cor. (8 Ed.), sec. 492, p. 487; Allen v. Burlington, 45 Vt. 210; Sherwin v. Bugbee, 16 Vt. 444; White v. Bayonne, 49 N. J. L. 312; Atty.-Gen. v. Scott, 1 Vesey 413; Dillon, Municipal Cor. (4 Ed.), secs. 259, 263, 264; Town Council of Borough of Kidderminster v. Vaisey, 1 Ellis & Ellis 770; King v. Mayor, etc., Cases Temp. Hardwick 47; Rex v. May, 5 Burrow 2682; Ruggles v. Collier, 43 Mo. 365; Riesterer v. Land & Lumber Co., 160 Mo. 152.   (b)   Thus applying substantially the same rule that is applied to charters of private corporations.   Cooley on Con. Lim. (6 Ed.), pp. 231 and 232; 1 Beach on Private Corporations, sec. 281; Reiley v. Oglebay, 25 W. Va. 36; Stevens v. Eden Meeting House, 12 Vt. 688; Warner v. Mower, 11 Vt. 393; Stowe v. Wyse, 7 Conn. 214.   (c)   There being no ambiguity or doubt as to the meaning and purpose of the charter provisions in reference to the calling of special sessions of the common council, practical interpretation by the officers of the city government can lend no aid to the court in enforcing such provisions.   Even though there were ambiguity or doubt, practical interpretation by such officers from May 9, 1889, the time the charter took effect, to July 5, 1890, the time of the approval of the ordinance, will not be regarded by the court in construing these provisions. Warren v. Barber Asphalt Co., 115 Mo. 577; State ex rel. v. Gammon, 73 Mo. 426; U. S. v. Tanner, 147 U. S. 663; U. S. v. Railroad, 148 U. S. 572; U. S. v. Graham, 110 U. S. 221; U. S. v. Pugh, 99 U. S. 265; Edwards' Lessee v. Darby, 12 Wheat. 206; U. S. v. Temple, 105 U. S. 97; Ruggles v. Illinois, 108 U. S. 536; Endlich on Interpretation of Stat., sec. 528, p. 745; Cooley on Con. Lim. (6 Ed.), p. 84.   (d)   Even though the court should be of the opinion that practical interpretation

should be considered, we submit that the record in this case does not show facts sufficient to justify the court in finding that the officers of the city government construed the charter provision to mean that no ordinance prescribing the manner of publishing the mayor's proclamation was necessary before a special meeting of the council could be called. If there were numerous ordinances passed at these so-called special meetings, the record is silent as to their existence, and the court will not take judicial notice of the same. Sutherland on Statutory Construction, sec. 296, p. 379; Mooney v. Kennett, 19 Mo. 555; Givens v. Van Studdiford, 86 Mo. 149; State ex rel. v. Oddle, 42 Mo. 214; 1 Rice on Evidence, p. 35; Robertson v. Railroad, 84 Mo. 121. (2) It was the duty of the board of public works after the construction of the sewer to compute the cost thereof and apportion the same among the lots or parcels of property chargeable therewith. This duty could not be delegated, not being ministerial, but one requiring the exercise of judgment and judicial discretion. It was not, therefore, performed by the board on May 28, 1895, by arbitrarily adopting the old estimate and apportionment made in 1890 by the clerks in the engineer's office and issuing the taxbill thereon. This failure to compute and apportion the cost, as required by the charter, rendered the taxbill null and void. Charter, art. 9, sec. 10; art. 6, sec. 10; Dollar Savings Bank v. Ridge, 62 Mo. App. 324; State v. City of Perth Amboy, 36 Atl. (N. J.) 666. (3) The charter requires that a taxbill should be issued within twenty days after the work is completed, and while it expressly states that the failure to issue the taxbill within that time does not vitiate it, yet the provision evidently means, if anything, that the taxbill should be issued within a reasonable time after the work has been completed and the time mentioned indicates what the framers of the charter regarded as a reasonable time. This time could not be extended indefinitely by the negligence of the city officers. The

charter of 1889 gives the contractor a lien for two years from the issuance of the bill. To sustain this suit, therefore, begun July 1, 1896, nearly six years after the work was done, is virtually ignoring the charter and indefinitely extending the life of the lien. The court, therefore, erred in allowing the taxbill to be offered in evidence over the objection of the defendants and in refusing to give instruction 9, which was in the nature of a demurrer to the evidence. Charter, art. 9, sec. 18; Gunby v. Brown, 86 Mo. 259; Weber v. Shergens, 28 Mo. App. 592. (4) The mayor's message to the common council at the sessions at which the ordinance providing for the sewer in question was passed, referred to the said ordinance merely as "An ordinance to establish sewer district No. 151," and said nothing about constructing a sewer in said district. The common council, therefore, had no power to pass such ordinance and it is void. Charter, sec. 12, art. 4; St. Louis v. Withaus, 16 Mo. App. 247, 90 Mo. 648; Wells v. Railroad, 110 Mo. 286; Partridge v. Lucas, 99 Cal. 519; Mills v. San Antonio, 65 S. W. (Tex.) 1121. (5) If the amendment of February 27, 1892, was adopted in the manner required by the Constitution, then, if applied to taxbills for work done before its adoption, it is unconstitutional as retrospective legislation, and as impairing the obligation of the contract for doing the work, and the refusal of instruction 6, asked by defendants, was error. Constitution, art. 2, sec. 15; Barnitz v. Beverly, 163 U. S. 118 (41 L. Ed. 93). (6) (a) This court has already decided that a constitutional question was properly raised on the record in this case. State ex rel. v. Smith, 150 Mo. 75. (b) This court, therefore, has exclusive jurisdiction of the appeal in this case, and has jurisdiction to pass upon all the questions in the case. State ex rel. v. Francis, 95 Mo. 48; State v. Chandler, 132 Mo. 164. (c) None of the decisions of the Kansas City Court of Appeals in the cases involving the proceedings in ques-

tion here, is binding on this court.  Paddock v. Railroad, 155 Mo. 534.

*E. L. Scarritt, Clarence S. Palmer* and *R. J. Ingraham* for respondent.

(1)  The special taxbill made out a prima facie case of regularity through all the proceedings.  The meetings of the common council are presumably legally held, in accordance with all provisions of the law.  The burden rests upon appellant to show to the contrary. The record nowhere shows that the proclamations for these special meetings were not published; nor does it show that there was not an ordinance providing how the proclamation should be published.  There was no necessity for "an ordinance providing for calling special sessions," for the charter made provision for that in the following language: "The mayor shall call special sessions of the common council by proclamation, which shall be published as may be provided by ordinance."  It was the publication that was left to be fixed by ordinance.  The witness was not asked whether there was any ordinance providing for publishing these proclamations.  Nor was he asked whether they were published.  Stoddard v. Gilman, 22 Vt. 572.  For aught this record shows, they may have been published in pursuance of an ordinance.  Moreover, the witness was not asked whether he was in possession of all the city records bearing upon the matter.  Nor was he asked whether he had made a search for any such ordinance. All he said was, "so far as he knew there was no ordinance with regard to calling special sessions by proclamation."    Notwithstanding the well-established doctrine that the proceedings of public officers are presumably regular and valid, it is going far indeed for appellant to ask this court to render invalid these long-established charter amendments, on a record which does not, in any way, rebut the prima facie regularity and

validity of these proceedings.    State v. Kanbler, 33
Minn. 76.    It is simply asking the court to assume, and
presume, that officers violated the law.    Rutherford v.
Hamilton, 97 Mo. 543; Water Co. v. City, etc., 129 Mo.
578; In matter of Forsythe Bvd., 127 Mo. 420; 20 Am.
and Eng. Ency. of Law (2 Ed.), 1212.    (2) Even if this
record could be held sufficient to show a non-compliance
with the charter as to publishing these proclamations,
the opinion of the Kansas City Court of Appeals in
Forry v. Ridge, 56 Mo. App. 615, and McQuiddy v.
Vineyard, 60 Mo. App. 610, should be followed, because
the doctrine there announced is safe and conservative,
and is based on common justice and sound public policy.
(3)    Moreover, this court ought to find no difficulty in
following the foregoing cases, but should · treat the
decisions of the Kansas City Court of Appeals on first
consideration of this case (62 Mo. App. 324), from the
standpoint of the spirit of *stare decisis*.    Exposition
Driving Park v. Kansas City, 174 Mo. 442; Chouteau v.
Gibson, 76 Mo. 45.    The Kansas City Court of Appeals
then had unquestioned jurisdiction.    It passed upon, in
that case, and in Forry v. Ridge, and McQuiddy v.
Vineyard, supra, the same questions now presented.    On
the strength of its exposition of the law, respondent ·
went to the expense of the reissue of this bill, and the
bringing of suit upon it.    Attorneys had given their
opinion as to the validity of the taxbill, basing their ·
judgment on the decision of the Kansas City Court of
Appeals.    To disturb this will put all parties to a ser-
ious disadvantage and convict the trial judge of error,
because he followed the decision he was bound, under
the Constitution, to follow.    It will put attorneys in the
position of giving erroneous advice, under the guidance
of a court possessed of jurisdiction to state the law at
that time.    This will do violence to all established no- ·
tions of *stare decisis*.    Parker v. Zeisler, 139 Mo. 303;
Wilson v. Beckwith, 140 Mo. 381.

FOX, J.—This suit was brought July 1, 1896, in the circuit court of Jackson county, Missouri, at Kansas City, to enforce the lien of a special taxbill against defendants' land, issued in favor of Patrick Lyons, May 28, 1895, for the construction of a district sewer in Sewer District No. 151.

The defenses relied on to this action were: **(1)** That the ordinance under which the work was done was passed by the common council at what were called special sessions and that those sessions were not legally convened because at the time they were held there was no manner provided by ordinance for publishing the mayor's proclamation convening special sessions of the common council as required by the city charter. (2) That the mayor did not state in his messages to the council at the so-called special sessions at which this ordinance was passed that the council was convened to act upon such ordinance, as required by the city charter. (3) That the board of public works did not compute the cost of the work, and did not apportion it, as required by the city charter. (4) That the ordinance did not, prior to its passage, have endorsed on it a certificate in writing of the board of public works, that the sewer district established by it conformed to the system of sewers established by said board, as required by the city charter. (5) That the work was completed on August 18, 1890, and an estimate and apportionment of the cost of the work was made by the then superintendent of construction, assistant city engineer, and city engineer, and that at that time the board of public works was composed of certain named persons; that when the new bill was issued there was a complete change in the personnel of the city engineer's office and board of public works, and that the latter did not compute the cost of the work, but merely used the old estimate made in 1890. (6) That the board of public works, as constituted in 1895,

had no power or authority to issue the new bill, there having been no computation of the cost of the work or apportionment of it by the board of 1890, when the work was done.   (7)   That the new bill was issued and this suit is prosecuted under the provisions of the city charter as the same was attempted to be amended at the special election held on February 27, 1892, under ordinance No. 3884, and that such ordinance was void, because it was passed at illegal meetings of the common council, and that said amendments were, therefore, not adopted as required by the Constitution, and that therefore the taxbill is void.

OPINION.

It will be observed  that this is practically the second appeal in this cause; the only difference being that this action is predicated upon a taxbill issued by the board of public works of Kansas City in lieu of the one declared void in Bank v. Ridge, 62 Mo. App. 324; however, the same parties, and the origin of the litigation are the same.   This appeal was first lodged in the Kansas City Court of Appeals and upon application of defendant, this court, by its peremptory writ of mandamus, ordered the cause transferred to this court, for the reason that, from the petition, return and plea to the return, a constitutional question was involved, and that the Court of Appeals was without jurisdiction under the provisions of the Constitution to hear and determine such appeal.   [State ex rel. v. Smith, 150 Mo. 75.]

The learned judge in writing the opinion in this cause, prior to its transfer to this court, referred to the former decisions of that court of Forry v. Ridge, 56 Mo. App. 615; McQuiddy v. Vineyard, 60 Mo. App. 610; Bank v. Ridge, 62 Mo. App. 324, and then says: "Counsel for defendants conceded, at the argument, that his object in making the point on the Constitution was for the purpose of ousting this court of appellate

jurisdiction, that the case might be heard in the Supreme Court,'' where it was hoped and believed that the cases just referred to would be overruled.

It is apparent that the concession made by learned counsel for appellant in the argument before the Court of Appeals, was the true one, that the only purpose was to oust the jurisdiction of the Court of Appeals, with the view of insisting in this court that the cases mentioned should no longer be regarded as the law upon the subjects' embraced in them.

Defendant can not complain that the questions involved in this case have not been decided by the Court of Appeals and that he is seeking an expression for the first time of an appellate court upon the proposition involved, for it is clear that the controverted proposition in this cause has had the careful attention of that court, hence this appeal must be predicated upon the theory of seeking additional light upon the subject. We confess, that it is a worthy ambition of counsel for defendant to seek the correct interpretation of the law upon the important subjects involved, and it must be conceded that the question before us is presented in an able and logical manner, in fact, in just such a way that the proposition confronting us is narrowed down to the correctness or incorrectness of the conclusions reached by the Court of Appeals in the cases heretofore mentioned.

Upon the first contention in this cause, ''that ordinance No. 1801, which authorized the performance and construction of the work, for which the taxbill was issued, was passed by the common council at a special session illegally convened,'' the Kansas City Court of Appeals in Forry v. Ridge, supra, had in judgment the identical question presented in this contention; the same charter provision was before the court for consideration. In a clear, able and exhaustive opinion, that court sustained the contention of appellant in this case; but with equal clearness, the court upholds the legality

of the ordinance on another ground. In reaching the conclusion it says:

"Were it not, then, for other momentous considerations, we should feel bound to declare the special session of the Kansas City council held on February 10, 1890, to be illegal and the ordinance then passed, providing for this sidewalk, likewise invalid. However, since the city officers, the public lawyers and judiciary, have, in the practice of several years, acted upon a different understanding of what was necessary to convene special sessions of the common council; and since the language of the charter gave some color to such interpretation; and since, too, a contrary holding, now, as to such meetings in the past, would unsettle numerous titles, distract, if not destroy, many private interests and impair the public faith and confidence in a great variety of merely governmental regulations adopted at these special meetings, we feel constrained to uphold their legality, notwithstanding our conviction that such sessions were not called as the charter in fact intended they should be."

Proceeding in the opinion the court in a clear and exhaustive review of all the authorities fully supports its final conclusion that the legality of the ordinance should be upheld. In McQuiddy v. Vineyard, supra, the proposition was again presented, and the court in reviewing Forry v. Ridge, supra, said: "Defendant's counsel have, with much ability and energy, contended that all the proceedings for the grading of the street in question are void, because the ordinance providing therefor was passed at a special session of the council, which was not properly convened, under the charter. This exact question was presented to us in Forry v. Ridge, 56 Mo. App. 615. We there decided the ordinance valid, under the same circumstances that we have here. The position taken here by defendant's counsel was, in the Forry case, presented and argued in a most masterful manner by counsel for defendant Ridge.

Notwithstanding this, after a thorough consideration of the point in all its bearings, we deemed it our duty to support the ordinance. We discover no just reason to depart from that ruling, and, in addition to what was said in Forry v. Ridge, we think it a proper occasion to enforce the maxim of *stare decisis*."

In this case, prior to its transfer to this court, the Kansas City Court of Appeals again approved of its former ruling. Upon this subject, Judge ELLISON, speaking upon the contention now being discussed, said:

"The first objection is that the ordinance providing for the construction of the sewer is invalid because not adopted at a legal special meeting of the city council. This has been settled adversely to defendant's contention by at least two former decisions of this court. [Forry v. Ridge, 56 Mo. App. 615; McQuiddy v. Vineyard, 60 Mo. App. 610.]"

Thus the law has been announced by the Kansas City Court of Appeals and doubtless has been accepted by the public, as well as the profession, as a correct interpretation of the law upon the subject involved; we are now asked to unsettle the disputes therein adjudicated and announce a different rule of law. This we are not willing to do. There should be an end to this litigation and the potent reasons assigned by the learned judge in Forry v. Ridge for upholding the legality of the ordinance before the court for consideration emphasizes the conclusion reached by this court, that the ordinance should be sustained, for it comes here stamped by an appellate court with the interpretation given it by the city officers, the profession and judiciary within the jurisdiction of that appellate tribunal. The reasons assigned by the Kansas City Court of Appeals for the conclusions reached upon the subject before them are sound and we see no reason why a different rule should be announced.

We have thus expressed our view upon the sub-

ject of the ordinance before us, simply to indicate our approval of the conclusions reached by the Kansas City Court of Appeals, for it is in much doubt as to whether the record before us presents the question for consideration in this contention. Presumably every step necessary to the valid enactment of the Ordinance No. 1801, which is the basis of the performance and construction of the work, for which the taxbill in suit was issued, was properly taken. The burden of showing that such ordinance was not legally enacted, rests upon the defendant. The meetings held by the city council and the official acts of the members of that body are entitled to the indulgence of the presumption that they were legally authorized meetings. Such presumption may be rebutted and the invalidity of the acts of the common council may be shown; such acts are susceptible of satisfactory proof; hence the invalidity of official acts and the destruction of the presumption as to their validity should not be made to rest upon a mere inference. If the special sessions of the common council were illegal, by reason of the failure to provide by ordinance for the publication of the proclamation calling such sessions, this fact was susceptible of clear and satisfactory proof.

The proof by introduction of an ordinance, approved June 9, 1892, providing for the publication of proclamations of the mayor calling special sessions, does not establish the fact that no ordinance was in existence prior to that time. That would only be a mere inference of the non-existence of an ordinance at a particular date, by the proof of its existence at a later date. In a municipal government there are proper custodians of all records bearing upon this subject, and there should, at least, be some affirmative testimony that no ordinance providing for the publication of the proclamations calling special sessions was in existence.

The only additional showing of the non-existence of any ordinance, prior to June, 1892, providing for the publication of the proclamations calling special sessions, is introduced in the following question and answer:

"Q. Prior to that time (referring to June, 1892) there was no ordinance with regard to calling special sessions by proclamation? A. None, so far as I know."

This answer is simply that the witness knows of no ordinance providing for the calling of special sessions. It is apparent that that was not the subject of inquiry; the subject to which the proof should have been directed was, was there any ordinance, *not with regard to calling special sessions,* but with regard to the publication of the proclamation calling the special session? The provision of the charter controlling this subject is as follows:

"The mayor shall call special sessions of the common council by proclamation, which shall be published as may be provided by ordinance."

The authority to call special sessions does not emanate from any ordinance; it springs from the charter provision, and the only subject of that provision of the charter which requires legislative action to enforce it was the one in respect to the publication of the proclamation.

It will be noted, in the enactment of the ordinance in 1892, No. 4274, there were two sections. Number one provided that all special sessions of the common council shall be called by proclamation issued by the mayor. Number two provided for the publication of the proclamation. Section numbered 1 added no additional power to the mayor to call special sessions, nor did his power originate from that provision, nor was it necessary that an ordinance, embracing the provisions of section numbered 1, should have existed prior to 1892, in order to legalize the special sessions.

The question and answer of witness herein quoted,

may well be said to have been directed to an ordinance embracing the provisions of section 1 referred to, for the reason that his attention was directly called to the fact as to the existence or non-existence of an ordinance which embraced the provisions of section 1, and no reference whatever as to the publication of the call for special sessions, which was embraced in section 2.

Under that testimony, as disclosed by the record, we are called upon to indulge the inference, and treat the fact as established, that the witness intended to include in his answer that there was no ordinance providing for the publication of the mayor's proclamation, calling a special session. It is clear that the record only shows, by mere inference, that there was no such ordinance, and if we are to rely upon inferences, we could readily infer, from the repealing clause of the ordinance of June, 1892, that there had been an ordinance previous to that time, upon the same subject. If not, why a clause repealing all ordinances in conflict with it? If there had been no other ordinance on that subject, certainly there was no necessity for a provision repealing it.

Applying this technical rule to the record in this case, the non-existence of an ordinance providing for the publication of the mayor's proclamation calling a special session, is not shown. With this view we are not called upon to review the contention, that the charter amendments were never legally adopted; and in view of the fact that we have indicated that the judgment in this cause need not look to such amendment for its support, it can afford appellant no relief to determine that question.

The construction of the work, for which the tax-bill in suit was issued, was performed under the provisions of the charter prior to the amendments of it, which are assailed in this cause; hence this judgment cannot look for support in pursuance of the amendments, and it can serve no useful purpose to burden

this opinion with a discussion of a question which, in no way, can affect the result of the final conclusion upon the action of the trial court. We will say, however, that it is a matter of grave importance to the municipality of Kansas City that it should strictly observe the provisions of the Constitution in its efforts to amend its charter. The charter of the city is its constitution and any attempt to amend the organic law of the city can only result successfully by a strict compliance with the law governing the subject, and we have no hesitancy in saying that, if the amendments assailed in this cause were not proposed and submitted by an authorized body duly and legally assembled, no rights can be asserted under them, and we simply suggest that the municipality or those holding claims under it might find great difficulty in applying the rule to sustain the amendment of the charter that was applied in the Forry-Ridge cases, sustaining an ordinance for the construction of work. In the one, there was a valid charter provision which was the basis of and gave color to the interpretation by the officers and profession; in the other, it was not a question as to the interpretation of a charter provision, but is the plain proposition of the amendment of the charter and the legal requirements to accomplish such result.

There is no necessity of pursuing this subject further; the appropriate time to announce a conclusion as to the legality of the charter amendments assailed in this cause, is when some right is being asserted predicated upon them and the record clearly discloses the manner of their adoption.

This leads us to the consideration of the remaining propositions in this cause.

It is contended by appellant that the board of public works did not, as required by the charter, make a computation of the cost of the construction of the sewer and apportion the cost thereof.

Upon the first appeal of this cause to the Kansas

City Court of Appeals, the court reversed the judgment of the trial court upon the ground that the provision of the charter, in respect to the computation of the cost of the work, had not been complied with.

In the trial of this cause, the record discloses that the board of public works undertook to comply with the ruling of the court upon the former appeal.

The computation of the cost of the construction of the sewer and the manner of making such computation were questions of fact to be proven by the testimony in the cause. We have carefully considered the testimony upon that subject and while, by selecting certain parts of the testimony and playing upon some of the expressions used, we might conclude that the computation was not properly made, on the other hand when you consider other parts of it, we will be authorized in concluding the reverse, that the duty was properly performed. The evidence upon that subject should be construed as a whole, and when viewed in that way, we are of the opinion that there was a substantial compliance with the provision of the charter, as to the computation and apportionment of the cost of the sewer. This proposition, together with the remaining questions involved in this cause, were correctly decided by the Kansas City Court of Appeals. In disposing of the proposition, the court, speaking through Ellison J., said:

"As to the second objection, we find from an examination of the record ample proof that before the last taxbill was issued the board of public works did in effect compute the cost of the work and apportion the same against the property in the sewer district. The board, it seems, performed its duty in this respect as heretofore advised by this court in McQuiddy v. Vineyard, supra, and Bank v. Ridge, supra.

"It is further contended that the taxbill in suit ought not to be enforced because issued so long after the work was completed. The sewer was constructed late in the year 1890, while this new taxbill was not

issued until May, 1895. This long delay is, however, satisfactorily accounted for. The original bill was issued in due time after the work was completed, a protracted litigation followed, and shortly after this was concluded by a final decision that said first bill was void, the second one was issued. There was then, under the circumstances, no unreasonable delay. Besides the charter, section 18, article 9, while directing taxbills to be issued within twenty days from the completion and acceptance of the work, yet provides that 'the failure to issue them within such time shall not affect the validity of the taxbills.' Unquestionably the board had power to compute the cost of the sewer and apportion the same among the property-owners chargeable therewith even though such duty was tardily performed. This duty, according to our decision on the former taxbill, had not been performed, and we discover no reason for the contention that the power of the board had been lost by the delay in its execution.

"The fourth point in defendant's brief was fully considered and settled in Bank v. Ridge, supra. We there held that the mayor's message to the council in special session sufficiently mentioned the matter of this improvement. The same course of reasoning, too, sustains the sufficiency of the certificate of the board of public works indorsed on the ordinance providing for the creation of a sewer district and construction of a sewer therein. The charter, in substance, requires the approval of the board of public works to be indorsed on the ordinance providing for the proposed improvement —that the sewer district and sewer to be therein constructed shall conform to the system established by the board. The ordinance in question provided for the construction of a district sewer in and for a district therein described, and attached thereto the board of public works certified in writing 'that the sewer proposed to be established by this ordinance conforms to the system of sewers established by the board of public works.'

The charter, section 9, article 6, required the board to 'establish a system of sewers for the entire city.' It seems now from the board's certificate sufficiently clear that the proposed improvement was in harmony with such system.''

It is sufficient to say that we fully concur in the views expressed by the learned judge, as herein quoted, which results in the affirmance of the judgment of the trial court, and it is so ordered.   All concur.