## COLE et al. v. FORTO et al.

(Court of Civil Appeals of Texas. San Antonio. · March 12, 1913.)

1. INJUNCTION (§ 150*)—TEMPORARY INJUNCTION—DURATION.

Where, in a suit for an injunction, the judge issued a fiat directing the clerk to issue notices to the defendant to appear at the courthouse on a day named and show cause why the writ of injunction prayed for should not issue, and to issue a temporary restraining order commanding defendants to refrain from carrying out any of the various things alleged in the petition "pending the hearing hereof, as above directed," the temporary restraining order expired on the date mentioned for the hearing

whether any action was taken by the trial judge at that time or not.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 335; Dec. Dig. § 150.*]

2. INJUNCTION (§ 118*)—PETITION—ENJOINING COLLECTION.

The petition, in an action to restrain city officers from putting into effect ordinances for the paving of certain streets and from collecting assessments therefor, should have alleged the sums sought to be collected, in order that the amount of the bond might be fixed under Rev. Civ. St. 1911, art. 4650, providing that, when an injunction is applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in double the amount of the judgment or debt.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. TAXATION (§ 608*) — ENJOINING COLLECTION—REMEDY AT LAW.

The collection of taxes will not be restrained by injunction, except where there is no adequate legal remedy.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

4. MUNICIPAL CORPORATIONS (§ 513*)—SPECIAL ASSESSMENTS—ENJOINING COLLECTION—REMEDY AT LAW.

Rev. Civ. St. 1911, art. 1015, providing that any property owner, against whom or whose property any assessment for a street improvement is made, may within 20 days thereafter bring suit in any court having jurisdiction to set aside or correct the assessment or any proceeding with reference thereto on account of error or invalidity, but that thereafter he and his heirs, assigns, or successors shall be barred from any such action or any defense of invalidity, provides an ample remedy at law to set aside such assessments and precludes relief by injunction.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1188–1206; Dec. Dig. § 513.*]

5. MUNICIPAL CORPORATIONS (§ 513*)—PUBLIC IMPROVEMENTS — ASSESSMENTS TO SET ASIDE—STATUTORY PROVISIONS.

Rev. Civ. St. 1911, art. 1015, authorizing the bringing of suits to set aside assessments for street improvements within 20 days after the assessment is made, and providing that thereafter the property owner, his heirs, assigns, or successors shall be barred from any such action or any defense of invalidity, is valid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1188–1206; Dec. Dig. § 513.*]

6. MUNICIPAL CORPORATIONS (§ 147*)—OFFICERS DE FACTO—POWERS—COLLATERAL ATTACK.

In a suit to enjoin city officers from putting into effect ordinances for street paving or collecting assessments therefor, the right of the mayor de facto to hold his office could not be questioned, as the acts of de facto officers will be sustained in tax cases as in other cases.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 324, 325; Dec. Dig. § 147.*]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by E. C. Forto and others against A. B. Cole and others. From a judgment granting a restraining order, defendants appeal. Restraining order set aside, and cause remanded.

Herbert Davenport and Jones, West & Dancy, all of Brownsville, for appellees.

FLY, C. J. [1] Appellees applied to the district judge of the Twenty-Eighth judicial district of Texas for an order restraining A. B. Cole, mayor of Brownsville, C. B. Thorn, Teofilo Crixwell, Louis Cobolini, H. J. Kirk, J. A. Brown, B. L. Cain, S. I. Benavides, and W. S. Blackshear, aldermen, Cridanto Vallareal, city secretary, and the Creosoted Wood Block Paving Company from putting into effect certain ordinances which provided for the paving of certain streets in Brownsville with creosoted wood blocks; one-third of the cost of said paving to be assessed against the abutting property owners, the said Paving Company having entered into a contract with said city government to do said paving. The application was sworn to on January 11, 1913, and January 22d the judge in chambers issued the following fiat: "The foregoing petition for injunction being considered, it is ordered that the clerk of the district court of Cameron county, Tex., forthwith issue notices to each and all of said defendants to appear before me at the courthouse of Jim Wells county, at Alice, Tex., on Wednesday, February 5, A. D. 1913, at 9:30 o'clock a. m., then and there to show cause why the writ of injunction as prayed for herein should not issue. It is further ordered that the clerk of the district court of Cameron county, Tex., forthwith issue to each and all of said defendants a temporary restraining order commanding them, and each of them, to desist and refrain from carrying out, or attempting to carry out, all or any of the various things as alleged in the foregoing petition, pending the hearing hereof as above directed."

In the case of Ft. Worth Street Railway v. Rosedale Street Railway, 68 Tex. 163, 7 S. W. 381, an order was granted to restrain the defendant only until the hearing, and it was held that the order lapsed and became of no effect at that time; and in the case of Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, where the case was set down for a hearing on a certain day, and the defendants cited to show cause why a permanent injunction should not be granted, and the clerk ordered to issue "a restraining order to defendants pending such hearing," it was held: "We therefore conclude that the injunction in this case was intended to operate for a fixed period only, and that it comes within the principle acted upon in the case of Ft. Worth Street Railway v. Rosedale Street Railway Company, above cited." That is, that the order is the same as an order stating in terms that the restraining order should not continue longer than the day set for the hearing as to a permanent injunction. It was said in the Riggins-Thompson Case: "The clerk was required to issue a restrain-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ing order 'pending such hearing.' We think this means the same as if the words had been 'until and pending such hearing,' and that the intention was to limit the operation of the order until such time as the parties could be heard upon the issue, whether under the allegations in petition and answer, should one be filed, an injunction, to remain in force until the final disposition of the case, should be granted. This construction is also indicated by the words employed in the fiat. It is true that a 'restraining order' is an injunction, as distinguished from an injunction which is to remain in force during the pendency of the suit."

In this case the trial judge used the words "temporary restraining order" to be in effect "pending the hearing hereof as above directed," and "above" it had been directed that the matter of injunction be set down for hearing "at Alice, Tex., on Wednesday, February 5, A. D. 1913, at 9:30 o'clock a. m." It comes directly within the purview of the decision in Riggins v. Thompson, and it follows that the temporary restraining order expired on the date mentioned, whether any action was had by the trial judge at that time or not.

[2] It may be well to state, in view of the cause being remanded, that the prayer in the petition seeks to restrain the collection of taxes, and it would come within the terms of article 4650, R. S. 1911, which requires the execution of a bond in double the sum sought to be enjoined. The petition, however, fails to name the sum or sums sought to be collected, and is therefore so indefinite that there is no basis for fixing the bond. The amount should have been alleged. Altgelt v. San Antonio, 81 Tex. 436, 17 S. W. 75, 13 L. R. A. 383.

[3, 4] It is the general rule that the collection of taxes will not be restrained by injunction; and there is no exception to the rule, except where it is clear that there is no adequate legal remedy. The petition in this cause fails to show that petitioners have not an adequate legal remedy. This was not attempted, perhaps, because the very law under which the city council of Brownsville acted provides that "any property owner against whom or whose property any assessment or reassessment has been made shall have the right within 20 days thereafter to bring suit in any court having jurisdiction to set aside or correct the same or any proceeding with reference thereto, on account of any error or invalidity therein. But thereafter such owner, his heirs, assigns, or successors, shall be barred from any such action or any defense of invalidity in such proceedings or assessments or reassessments in any action in which the same may be brought in question." R. S. 1911, art. 1015. That statute provides an ample remedy at law in cases of this character. Beach on

Inj. §§ 1189, 1190, 1191, and authorities cited in notes.

It has been held that courts will not interfere by injunction to prevent the collection of taxes because of irregularities in the assessment. Cooley, Taxation, p. 1440; Dutton v. Bank, 53 Kan. 440, 36 Pac. 719; Davis v. Railroad Co., 114 Ind. 364, 16 N. E. 639.

[5] In the case of Hammerslough v. Kansas City, 46 Kan. 37, 26 Pac. 496, a law similar to the one under which the assessment in this case was made was held constitutional, and especially that portion of it which fixed the limitation at 30 days from the time the assessment was made was pronounced constitutional. There is another Kansas decision on the same subject cited in the case named. We are of opinion that the law of 1909, which is embraced in title 22, c. 11, Rev. Stats. 1911, is not open to the attacks made upon it in the petition for injunction. It denies no rights to the owners of property assessed thereunder, and affords an ample remedy to the owner of abutting property, if he avails himself of it within the time set out in the statute.

[6] The right of the mayor to hold his office cannot be questioned in this proceeding. He is mayor de facto of Brownsville, as shown by the allegations of the petition, and the clear preponderance of authority is that the acts of de facto officers will be sustained in tax cases, as in others. Cooley on Taxation, p. 438.

The restraining order is set aside, and the cause remanded.