TEXAS BITULITHIC CO. et al. v. HENRY.
(No. 8661.)

(Court of Civil Appeals of Texas. Ft. Worth. June 9, 1917. On Motion for Rehearing, June 30, 1917.)

1. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(2)—PUBLIC IMPROVEMENTS—REASSESSMENT—POWER.
Under Ft. Worth Charter, c. 14, § 13, providing that errors in levying assessments may be corrected by reassessment, the city has right to reassess property to correct errors of description or in name of owner.

2. MUNICIPAL CORPORATIONS &#x2604;&#x2014;564—PUBLIC IMPROVEMENTS — ENFORCEMENT OF ASSESSMENT—ACCRUAL OF ACTION.
Since right of city to enforce assessment for paving depends on performance of steps required by law and charter to fix lien against property and personal judgment against owner, cause of action for that purpose does not accrue till those necessary steps are taken.

3. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(9)—PUBLIC IMPROVEMENTS—REASSESSMENT — TIME FOR MAKING.
Where no period of limitations has been fixed either by charter or law, city may make reassessment if it discovers the error in its first assessment and improvement certificate within a reasonable time.

4. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(9)—PUBLIC IMPROVEMENTS—REASSESSMENTS—TIME FOR MAKING.
In the absence of proof as to the reasons for delay of almost five years in discovering defective description in first assessment and having reassessment made, such delay *held* not unreasonable.

On Motion for Rehearing.

5. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(11) — PUBLIC IMPROVEMENTS — REASSESSMENT — PROCEDURE.
A reassessment proceeding *held* to constitute substantial compliance with the provisions of Ft. Worth Charter, c. 14, § 13, and rules and regulations relating to reassessment adopted thereunder by ordinance of board of commissioners, and that the omission in the notice to designate the place and hour of meeting of board for purpose of making reassessment would be supplied by the city charter and ordinance, providing the place and hour of meetings of board of commissioners.

6. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(11) — PUBLIC IMPROVEMENTS — REASSESSMENT—PROCEDURE—WAIVER OF IRREGULARITIES.
Any possible irregularity in a reassessment proceeding was waived, where it was stipulated between the parties that the original assessment was invalid because the description and the owner's name were incorrect, and that the failure to have it judicially declared invalid was waived, and the resolution of the board of commissioners recited the necessity for the reassessment of the property in question in the name of the plaintiff, and the owner in her written contest and protest before the board of commissioners and in her petition filed in court below failed to present any question as to the regularity of the proceedings.

7. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(12) — PUBLIC IMPROVEMENTS—REASSESSMENTS — TIME FOR MAKING.
In suit to review action of board of commissioners in levying a reassessment against plaintiff and her property, burden was on plaintiff to show that defendant had been guilty of unreasonable delay in having reassessment made.

8. MUNICIPAL CORPORATIONS &#x2604;&#x2014;514(2)—PUBLIC IMPROVEMENTS—REASSESSMENT — TIME FOR MAKING.
The fact that real owner was made one of parties defendant in the original suit on an improvement certificate against party in whose name property was originally assessed is not sufficient to show that city or contractor knew at that time who was true owner of property, where reason for making her party is not shown.

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Action by Mrs. Maude J. Henry against the Texas Bitulithic Company, City of Fort Worth, and others. From a judgment in favor of plaintiff, defendants named appeal. Reversed and remanded.

W. Wilkinson, of Ft. Worth, L. M. Dabney, of Dallas, and T. A. Altman, of Ft. Worth, for appellants. R. G. Johnson and Wade & Smith, all of Ft. Worth, for appellee.

BUCK, J. The appellee herein filed this suit in the Forty-Eighth district court of Tarrant county, Tex., for a review of the action of the board of commissioners of the city of Ft. Worth in levying a reassessment against the appellee and her property for paving the street in front of her property, and creating a lien on said property for the paving done. The original assessment was made February 15, 1910, and the reassessment was made January 26, 1915. In the hearing before the board of commissioners on the question of the right of the city to make said reassessment, and in the trial court, the appellee interposed the pleas of the two-year and four-year statutes of limitation. The trial court sustained such pleas,

and the defendant city and the Texas Bitulithic Company have appealed.

The evidence shows that under the first assessment there was a defective description of the property sought to be charged, and that the title to said property was alleged to be in A. L. Jackson, instead of in the appellee herein, the rightful owner. Suit was filed in the Seventeenth district court of Tarrant county on October 14, 1912, by the city, for the benefit of the Texas Bitulithic Company, on the improvement certificate issued under the first assessment. This suit was later consolidated with the suit in the Forty-Eighth district court, and the consolidated suit took the number and style of the suit originally filed by appellee in the latter court. The following agreement was signed by the attorneys representing the several parties, to wit:

"It is hereby expressly agreed between the parties hereto that the original assessment herein was invalid and unenforceable for the reasons that same was assessed against A. L. Jackson, when the property was owned by Mrs. Maude J. Henry, and the description of the property was bad, and that the failure to have said original assessment judicially determined to be invalid and unenforceable before a reassessment was made is hereby waived and the plaintiff makes no defense on that ground."

This agreement was made, evidently, in view of section 13, c. 14, of the Charter of the City of Ft. Worth, which reads as follows:

"If any error shall occur in any proceeding provided for by this article, it shall be the duty of the board of commissioners to correct the same, and whenever it shall be finally determined in any suit that any assessment or charge of liability against any property, or its owner, is invalid or unenforceable, for any reason, then it shall be the duty of said board at once to reassess against said property and its owner such proportion of the cost of improvement as may be proper, lawful and just, and said board shall have the power and it shall be its duty by ordinance or resolution to adopt such rules and regulations for a hearing to said owners before the reassessment as may be necessary legally to bind such owners and property by reassessment, and shall have power to adopt all other rules and regulations requisite to such reassessment, or fixing a change of personal liability against such owners."

The 'fact that appellee, through her attorney, did appear before the board of commissioners at the time the question of reassessment was under consideration, and filed a lengthy protest in writing against such reassessment, would eliminate any defense of the absence of notice. In that proceeding, as well as in the trial court and here, the insistence of appellee is primarily directed in support of its plea of limitation. It was claimed there, and is claimed here, that more than four years had elapsed between the first and the second assessment, and that therefore any right of action the city had against the property owner or her property was barred by either the two-year or four-year statute of limitation. We are of the opinion that neither the two-year nor the four-year statute of limitation would necessarily bar the appellant's right to recover in this suit.

[1-3] While in O'Connor v. Koch et al., 9 Tex. Civ. App. 586, 29 S. W. 400, and Glover v. Storrie, 18 Tex. Civ. App. 6, 43 S. W. 1035, the Court of Appeals for the First District held that a cause of action on an improvement certificate issued was barred by the two-year statute, and as in the latter case a writ of error was denied by the Supreme Court, such holding should probably be deemed to be expressive of the views of the Supreme Court with reference to the question involved, still it is not claimed that even two years had elapsed between the reassessment or the issuance of the second certificate which forms the basis for appellant's cause of action in this suit, and the amendment of appellants which set up the issuance of the second certificate. The right of a city, having a charter provision like the one above quoted, to reassess property in order to correct errors of description or errors in the name of the owner, is sustained in the cases of Gallahar v. Whitley, 190 S. W. 757, writ denied; Jones v. City of Houston, 188 S. W. 688; Cole v. Forto, 155 S. W. 350. The right of appellants herein to recover a judgment depends, not alone upon the paving in front of appellee's property having been completed in compliance with the contract between the contractor and the city, but also upon the performance of the various steps required by the law and charter to fix a lien against the property, and a personal judgment against the owner. The liability of appellee, if at all, is created by the action of the city under its charter. Glover v. Storrie, supra. Until the necessary steps had been taken, no cause of action against the appellee existed. No period of limitation has been fixed either by the charter or by the law as to the time in which the reassessment provided for in the charter may be made. It then becomes a question of whether the city, within a reasonable time, all the circumstances considered, discovered the error in its first assessment and improvement certificate and caused a reassessment to be made.

2 Page & Jones on Taxation by Assessment, p. 1852, § 1168, says:

"The time at which a statute of limitations begins to run is determined by statute. Limitations does not ordinarily run until a valid assessment has been levied. The period of limitations does not run, in the absence of express statutory provisions to the contrary, until the public corporation has the right to proceed to enforce the assessment. Under some statutes, limitations run only from the time that the work is accepted. If there has been a delay which apparently is the fault of the city, such delay cannot prevent the contractor from enforcing the assessment against the property owner." Kraut v. City of Dayton (Ky.) 97 S. W. 1101; Breath v. City of Galveston, 92 Tex. 454, 49 S. W. 575.

In the absence of a specific statute applicable thereto, there is no arbitrary period of limitations within which a reassessment

must be levied. Page & Jones, supra, § 972. There it is stated:

"It has been said to be sufficient if the reassessment is levied within a reasonable time. A long delay, owing to protracted litigation over the validity of the original assessment, does not prevent a reassessment, or the issuing of new tax bills. Even if no statutory period of limitations exists, a delay of eleven years in levying a reassessment after the original assessment is held invalid is excessive, and a reassessment cannot then be levied." Wood v. Strother, 76 Cal. 545, 18 Pac. 766, 9 Am. St. Rep. 249; Dollar Savings Bank v. Ridge, 183 Mo. 506, 82 S. W. 56; Transfer Ry. Co. v. District Court of Ramsey County, 68 Minn. 242, 71 N. W. 27; Flewellin v. Proetzel, 80 Tex. 191, 15 S. W. 1043.

Also, as in point, might be cited the cases of Cody v. Town of Cicero, 203 Ill. 322, 67 N. E. 859; Kline v. Board, 152 Ind. 321, 51 N. E. 476; Murray v. City of Chicago, 175 Ill. 340, 51 N. E. 654. While in these last three cases special reference was made to the statutes of the states in which the decisions were rendered, yet they discuss and announce the general rule as above indicated.

[4] There is no evidence in the record as to the cause or causes of the delay in discovering the defective description, etc., in the first assessment and improvement certificate and in not having a reassessment made, and, in the absence of proof as to the reasons for the delay, we do not feel justified in concluding that a delay of the period here shown was an unreasonable one, and that the city had been guilty of laches in not discovering the error before it did. While we recognize the rule laid down in 25 Cyc. 1198, and approved in Smith v. Wise Co., 187 S. W. 705 (writ denied), to the effect that, "where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act; if the time for such performance is not definitely fixed, a reasonable time, but that only, will be allowed therefor"—still, as before stated, we are not prepared, under the circumstances, to hold, as a matter of law, that the delay shown was an unreasonable one. The evidence on this issue not having been developed, in our opinion the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.

### On Motion for Rehearing.

Two grounds are urged by appellee in her motion for rehearing why the order and judgment of reversal should be set aside and the judgment of the trial court affirmed, to wit:

(1) That the city of Ft. Worth failed to follow the necessary procedure to fix a lien under a reassessment proceeding.

(2) That this court erred in holding that the record failed to support the conclusion that an unreasonable delay had been shown in making such reassessment after appellant had discovered, or by the exercise of reasonable diligence should have discovered, the error in the original assessment.

We will discuss these two grounds urged in the order in which they are presented.

[5] 1. Pursuant to the authority given in the city's charter (chapter 14, § 13), quoted in the original opinion, the city commissioners by ordinance (chapter 4, Revised Ordinances) provided the rules and regulations to be followed and observed to establish a legal reassessment. Said ordinance provides that: (a) Before any such reassessment shall be made the board of commissioners shall by resolution declare the necessity therefor and the name or the names of the owners affected thereby; and shall give a description sufficiently identifying the property to be reassessed, and the nature of the defect or irregularity to be corrected; (b) that said resolution shall set a time and place for a hearing to be given the owner, and provide for notice to be given as in case of original assessment; (c) that the hearing shall be had, and that any objections to such reassessment shall be given in writing, etc.

It is shown in the statement of facts that a petition was filed by the Texas Bitulithic Company with the board of commissioners asking for reassessment of certain property described, including the lot under consideration, and setting up that there was an error in the description of this lot and in the name of the owner, and furnishing a correct description and the correct name of the owner, appellee here. This petition was granted by the board of commissioners, and the city engineer was ordered to make a correct report of such property to be reassessed, together with the correct names of owners. The engineer's report, giving such correct information as to description of the property and the names of owners, with estimate of cost of paving per front foot, was approved by the board in its resolution, and notice of hearing was given; said resolution reciting "said hearing to be held before the board of commissioners of the city of Ft. Worth, on the 19th day of January, 1915." This notice is shown to have been published in the Star-Telegram, a newspaper of general circulation published in Ft. Worth, for five days ending January 11, 1915. It is further shown that a hearing was had in pursuance of the said notice, and that appellee by her attorney appeared before the board and contested in writing such proposed reassessment as to appellee's property, and that thereafter the reassessment as to appellee and her property was by ordinance made. We are of the opinion that under the showing made the reassessment proceeding constituted a legal and substantial compliance with the provisions of the charter and the ordinances relating to reassessment, and that no successful attack has been made against the same. The charter and ordinance of the city provide that the

meetings of the board of commissioners shall be held at the city hall, unless otherwise designated, and at 9 o'clock a. m. Hence the omission to designate the place of meeting other than at Ft. Worth, and the failure to designate the hour of same, would be supplied by such charter provision and ordinance.

[6] Moreover, we think that in view of the written agreement between counsel, quoted in the original opinion, as to the existence of the defects as to description and the name of the owner, and in view of the fact that such error of name was called to the attention of the board of commissioners in the petition for reassessment filed by the Bitulithic Company, and in view of the resolution reciting, in its preamble, the necessity for reassessment and the reassessment of this particular property in the name of appellee, and in view of the fact that in her written contest and protest before the board of commissioners she failed to present any question as to the regularity of the proceedings here assailed, any possible irregularities or defects in the proceedings or reassessment were waived by appellee. In the amended petition filed by plaintiff in the court below, and on which she went to trial, no allegations were contained as to the irregularities in the proceedings by and before the board of commissioners in the respect urged in this motion. Therefore we conclude that she is in no position to assert such alleged irregularities at this late date. Gallahar v. Whitley, 190, S. W. 757, writ denied.

[7, 8] 2. As to the second ground, we are of the opinion that the burden of proof was on the appellee, plaintiff below, to show that defendant's claim was in the nature of a stale demand, and that defendant had been guilty of an unreasonable delay in having the reassessment made. Petitioner sought to have the reassessment and the certificate issued thereon declared null and void, and the defendants enjoined from attempting to reassess the property involved, or to fix any lien thereon, or any personal liability against the owner. Hence she assumed the laboring oar. The fact that appellee was made one of the parties defendant in the original suit against A. L. Jackson et al., filed in the seventeenth district court, October 14, 1912, would not, in itself, in our opinion, support the conclusion that at that time the city or the Bitulithic Company had knowledge of who was the true owner of the property, and that the assessment against said Jackson as owner was an error. The original petition is not set out in the transcript, nor is it set out in the statement of facts. Hence we are not advised as to the reason shown for making Mrs. Henry a defendant in said suit. The improvement certificate on which the first suit was predicated was issued against Jackson alone. Two other persons named were made parties defendant in this original suit; but as to them, likewise, there is no evidence or showing as to the reason for their being made parties defendant. Against these two other parties no assessment or reassessment seems to have been ever sought. Since the evidence on this controlling issue of whether appellants were guilty of an unreasonable delay in not seeking sooner a reassessment was not developed in the trial court, and since without such evidence the judgment of the trial court cannot, in our opinion, be sustained, we are of the opinion that our original judgment was the proper one to be rendered.

The motion for rehearing is overruled.