# J. JASSOY & CO.

*v.*

# JOHN HORN.

1. LIMITATION OF ACTIONS *under the act of* 1849. An action against a bank on an account evidenced by the entries in a depositor's bank book, is not, under the statute of limitations of 1849, barred until the lapse of sixteen years after the cause of action accrued.

2. INTEREST—*whether recoverable.* Where demand was repeatedly made for the payment of such an account, and ten years elapsed after the deposit of the money, it was *held*, that the delay of payment was vexatious and unreasonable, and interest should be allowed on the account.

WRIT OF ERROR to the Court of Common Pleas of the city of Aurora; the Hon. R. G. MONTONY, Judge, presiding.

This was an action of assumpsit, brought by Horn against John Jassoy and others. The defendants pleaded the statute of limitations, alleging that the promises stated in the declaration were not in writing, and did not accrue within five years previous to the commencement of the suit. As evidence of the indebtedness, the plaintiff produced in evidence a depositor's bank book, kept in the usual form, in which the defendants, as bankers, had made entry of the amounts of money deposited and drawn out by the plaintiff. The plaintiff recovered a judgment, to reverse which the defendants bring the record to this court.

Mr. H. F. VALLETTE, for the plaintiffs in error.

Mr. C. J. METZNER, for the defendant in error.

Per CURIAM: The majority of the court are of opinion that the account evidenced by the bank book is not barred until the lapse of sixteen years after the cause of action accrued.

The act of November 5, 1849 (Gross' Stat. 430), is: "All actions, founded upon any promissory note, simple contract in writing, bond, judgment, or other evidence of indebtedness in writing　＊　＊　shall be commenced within sixteen years after the cause of action accrued."

The entries in the book were made by the bankers, and they charged themselves with the money deposited. They constituted "evidence of an indebtedness in writing," within the meaning of the statute.

The only other question is, ought interest to be computed upon the account? It has been over ten years since the deposit of the money, and a demand was repeatedly made of it. The delay of payment was vexatious and unreasonable, and interest should be allowed.

The judgment is affirmed.

*Judgment affirmed.*