VALENTINE SCHALUCKY

*v.*

MARSHALL FIELD.

*Filed at Ottawa May 9, 1888.*

1. STOCKHOLDERS—*liability for debts of the corporation—character and measure of such liability.* A bank charter provided that "when default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount equal to the amount of stock held by them, respectively," etc.: *Held,* that the stockholders, with respect to their individual liability, were, in effect, partners, and liable, as such, to the creditors of the corporation to an amount equal to that of their stock.

2. Under such a charter, when a debt was created by the bank, the liability of those who were then stockholders attached, and from that moment they became primarily bound, in the same manner and with like effect as if they had been doing business as partners unincorporated, except that the liability of each was limited to an amount equal to the amount of stock held by him.

3. SAME—*action—by creditor against stockholder.* An action at law by a single creditor will lie against any stockholder of an insolvent corporation, to enforce the individual liability created by its charter.

4. SAME—*entries by bank officers in depositor's pass-book—binding on stockholders.* The officers of a bank, in making written entries of deposits in the pass-books of depositors, act as the agents and representatives, not only of the corporate entity, but also of the stockholders, regarded as unincorporated partners; and such entries are as binding on them as upon the bank, in a suit by a depositor to enforce their individual liability.

5. LIMITATION—*entries in the bank book of a depositor.* The stockholders of a bank who are made individually liable for the debts of the bank, occupy the same relation to the creditors as the bank, so far as the Statute of Limitations is concerned. Hence a suit against a stockholder by a depositor, upon a debt evidenced by written entries in his bank book, is not barred until ten years after the cause of action shall have accrued.

6. PLEADING—*carrying demurrer back.* A demurrer to a replication will be carried back and sustained to the plea, if the latter be defective.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Messrs. BLUM & BLUM, for the plaintiff in error:

The only question arising upon the record is, whether the plea of the five years' Statute of Limitations was applicable to the case, and this is the question to be decided. The declaration clearly shows that the action was on "evidences of indebtedness in writing," and hence that no shorter period than ten years could be pleaded, such being the period prescribed by section 16 of our Statute of Limitations. That section provides, that "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten (10) years next after the cause of action accrued."

That a deposit book, like the one declared upon, is a written instrument, is settled by *Jassoy* v. *Horn*, 64 Ill. 379.

It is sufficient, to authorize a reversal, to find that the plea setting up the five-year bar was not applicable.

A suit against the bank could have been brought within ten years, and an action is not barred against the stockholders until it is barred against the bank. Wood on Statute of Limitations, sec. 149; *Conklin* v. *Furman*, 8 Abb. Pr. (N. S.) 161.

Is is unnecessary to enter into a discussion of the nature of defendant's liability. That it is primary, is too well settled by this court. *Fuller* v. *Ledden*, 87 Ill. 310; *Buchanan* v. *Meisser*, 105 id. 638; *Corning* v. *McCullough*, 1 Comst. 47.

We desire, in this connection, to refer the court to the case of *Fleischer* v. *Rentchler*, 17 Bradw. 402, a case on "all fours" with the one at bar, where the court held, in a similar action, that ten years constitute the period of limitation in such an action. Defendant, in one of his pleas, sets up the two years bar, upon the theory that we were suing for a penalty; but this theory is utterly repudiated. *Flash* v. *Conn*, 109 U. S. 309; *Hodgson* v. *Cheever*, 8 Mo. App. 318.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This action was brought by the plaintiff in error, in the Superior Court of Cook county, against the defendant in error, as a stockholder in the German Savings Bank of Chicago, to recover the balance due upon certain amounts deposited by him in said Bank. The judgment was in favor of the defendant, and, on appeal to the Appellate Court of the First District, was affirmed. The case is brought before us by writ of error to the Appellate Court, two of the judges having granted the statutory certificate of importance.

The provision in the Bank's charter, (being section 9 of the act of the legislature of Illinois incorporating the Bank to be found in Private Laws of 1869, volume 3, page 393) upon which the individual liability of the stockholders is founded, and upon which this suit was brought, is as follows: "When default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount equal to the amount of stock held by them respectively," etc:

This suit was begun on September 19, 1883, and an amended declaration was filed on December 26, 1883. The declaration avers that defendant was, on January 1, 1874, the owner of fifty shares of the stock of said Bank, amounting to $5000, and that, since July 1, 1877, the Bank has been utterly insolvent, and that demand has been made on it, etc. The declaration also avers, that plaintiff made a number of deposits of money in the Bank between August 8, 1874 and July 1877, and received a number of payments out of these deposits during that period, leaving a balance due him on July 1, 1877, upon which a payment of $359.62 was subsequently made. It is further averred, that the deposits and interest thereon were entered by the Bank in a Bank or Pass book issued by it to the plaintiff, wherein the Bank, when such deposits were made and the interest became due, made entries in writing, as evidence of

its indebtedness to the plaintiff. The amount sued for is the balance shown to be due by the written entries in the pass-book.

The defendant pleaded three pleas to the amended declaration : First, *nil debet;* second, that the cause of action did not accrue within two years next before the commencement of the suit ; third, that the cause of action did not accrue within five years next before the commencement of the suit. The plaintiff joined issue on the first plea and demurred to the second. He filed a replication to the third plea, setting up a payment to him, on June 30, 1883, of $359.62 by a receiver of the Bank, appointed in a chancery proceeding brought against the Bank at the suit of certain creditors. This sum was the amount of a dividend of seventy per cent upon plaintiff's claim, declared in said proceeding and paid under the order of the Court. The defendant demurred to the replication.

The cause was heard upon plaintiff's demurrer to the second plea and upon defendant's demurrer to the replication to the third plea. The court sustained both demurrers, and rendered judgment in favor of the defendant for the costs.

Even though the replication to the third plea be defective, yet the demurrer must be carried back and sustained to the third plea, if the latter is defective. (*P. and O. Railroad Co.* v. *Neill,* 16 Ill. 269.)

The only matter, then, which is presented for our consideration, is the validity of the third plea. The question to be determined is, whether or not the cause of action in this suit is barred by the five years' limitation of the statute.

Section 15 of the Limitation Law provides that "actions on unwritten contracts, express or implied, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Section 16 provides, that "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten

years next after the cause of action accrued," etc.    The period of ten years named in the latter section was sixteen years under the law of 1849, which was in force before July 1, 1872.

In *Jassoy* v. *Horn*, 64 Ill. 379, the action was assumpsit, and the evidence of indebtedness, produced by the plaintiff, was a depositor's bank book kept in the usual form; the bar of five years was pleaded, but it was held that the account evidenced by the bank book was not barred until the lapse of sixteen years after the cause of action accrued.    In that case we said: "The entries in the book were made by the bankers and they charged themselves with the money deposited.    They constituted 'evidence of indebtedness in writing,' within the meaning of the statute."

Therefore, as between plaintiff in error and the German Savings Bank, this action was not barred by reason of its not being brought within five years, but must be regarded as having been brought upon such an "evidence of indebtedness in writing" as would not be barred until after the lapse of ten years.

Does it make any difference that the action is against a stockholder and not against the Bank itself?

This court has frequently held that an action at law by a single creditor will lie against any stockholder of an insolvent corporation to enforce an individual liability created by its charter.    (*Culver* v. *Third National Bank*, 64 Ill. 528; *Corwith* v. *Culver*, 69 id. 502; *Tibballs* v. *Libby*, 87 id. 142; *Fuller* v. *Ledden*, id. 310; *McCarthy* v. *Lavasche*, 89 id. 270; *Arenz* v. *Weir*, id. 25; *Buchanan* v. *Meisser*, 105 id. 638; *Thompson* v. *Meisser*, 108 id. 359.)    In the last two cases, the section of the charter of the People's Bank of Belleville, under which suits were brought by creditors against Meisser, as a stockholder, was exactly the same as section 9 of the German Savings Bank of Chicago, as above quoted.

The stockholders, with respect to their personal liability under such a provision as section 9, are, in effect, partners, and are liable, as such, to the creditors of the corporation to

an amount equal to the amount of stock held by them respectively. The stockholders in the German Savings Bank assumed a primary liability to the creditors to pay the indebtedness of the Bank to the amount stated in section 9. When a debt was contracted by the Bank, the liability of those, who were then stockholders, attached, and, from that moment, they became bound in the same manner and with like effect as if they had been doing business as partners unincorporated, except that the liability of each stockholder was limited to an amount equal to the amount of stock held by him. *Fuller* v. *Ledden, supra; Thompson* v. *Meisser, supra.*

Inasmuch as the liability of the stockholders to the creditors is primary and must be regarded as that of partners unincorporated, it follows that the stockholders occupy the same relation to the creditors as the Bank does, so far as the statute of limitations is concerned. The stockholder owes the same debt to the depositor which the Bank owes. He can be sued for that debt just as the Bank may be sued and as soon as the Bank may be sued. There is no reason why the remedy should be pursued within a shorter time in the one case than in the other. It is true that the entries in the pass-book are made by an officer of the bank and not by the stockholder. But such officer, in making the written entries, acts as the agent and representative not only of the corporate entity known as the Bank, but of the stockholders regarded as unincorporated partners. The written evidence of indebtedness is as binding upon the latter as upon the former. (Wood on Limitation of Actions, sec. 149; *Conklin* v. *Furman,* 8 Abb. Pr. Rep. (N. S.) 161.) The liability of the stockholder "ends at the same time that liability on the part of the corporation ends," and not sooner.

We are, therefore, of the opinion that this action against defendant in error was not subject to the bar of the statute of limitations until after the lapse of ten years according to the terms of section 16, as above quoted.

In the consideration of this case, we have not been aided by any argument on behalf of the defendant in error.

The judgments of the Appellate and Superior Courts are reversed, and the cause is remanded to the Superior Court of Cook county for further proceedings in accordance with the views here expressed.

*Judgment reversed.*