## J. F. O'CONNOR v. HENRY KOCH ET AL.

### No. 799.

**Street Improvement Certificate—Limitations.**—A street improvement certificate, issued to plaintiff by the city of Houston, under its charter, against the owner of an abutting lot, which is a lien upon the lot, is a tax levied and assessed against the property, and is not a contract in writing; and article 3203, Revised Statutes, which requires an action for debt, "where the indebtedness is not evidenced by contract in writing, to be brought within two years," is applicable to the coupons attached to such certificate for installments of principal and interest.

ERROR from Harris.    Tried below before Hon. S. H. BRASHEAR.

*Jones & Garnett*, for plaintiff in error.—1.    Article 3207, Revised Statutes, is the only statute of limitation applicable.    We submit that the judgment of the court below as to the coupon due March 23, 1891, should be reversed, and judgment rendered by the Court of Civil Appeals for the full amount of the certificate, with 8 per cent per annum interest from its date, and 10 per cent on the face of the certificate for attorney's fees.

2.    The city of Houston was the substantial plaintiff, although the recovery goes to the contractor with whom it contracted and obligated itself to levy this tax and issue to him proper certificates therefor. City of St. Louis v. Newman, 45 Mo., 138.

3.    Under the Acts of the Legislature of Texas, passed in 1879, no limitation can be pleaded against a tax levied by a municipal corporation.    Sayles' Civ. Stats., art. 4777b, sec. 16.

*F. M. Poland*, for defendant in error.—The court erred in not finding for defendant in error on his plea of the statute of limitation of two years.    1.    Because the certificate upon which suit is brought is not a contract executed by defendant's vendor by and through the city of Houston, as his agent, and authorized by him, to have the improvements made and to contract for their payment.    Public officers are the agents of the community which they represent, but they are not the agent of each individual member of the community.    2.    Because this is not an action of debt, where the debt is evidenced by a contract in writing.    3.    Because the certificate was a statement of the amount due by persons whose property is liable for claims recited in the certificate, and being divided into coupons does not change it. Rev. Stats., art. 3203, sec. 4; Transportation Co. v. Boyd, 67 Texas, 153; Taylor v. Boyd, 63 Texas, 533.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the plaintiff in error in the District Court of Harris County, January, 1894. The basis of the suit is an improvement certificate issued by the city of Houston to plaintiff on March 23, 1891, for $568.24, and bearing interest at the rate of 8 per cent per annum from its date, and having

coupons attached to it for each installment of principal and interest; there being five installments, one payable on the date of the certificate, and the remaining four annually thereafter. The certificate was issued against Henry Koch, the owner of lots 1, 2, and 3, in block 35, in the city of Houston. The certificate gave, as was authorized by the charter of the city, a lien upon said lots to secure the amount certified to be due for the improvements made upon the street on which the said lots abutted. Defendant Vincenzo Lucio purchased the property from the defendant Koch after the issuance of the certificate, and after the lien given thereby had been fixed. Defendant Koch had left the country when the suit was instituted, and there being no service of citation upon him, nor appearance by him, the suit was dismissed as to him, and the plaintiff prayed for the enforcement of his lien, and that the property be sold to satisfy the same. Defendant answered by plea of the statute of limitations of two years, and that of innocent purchaser, and of general denial. The plea of limitation as to the first installment was sustained, and judgment was rendered for plaintiff for the remaining installments; and from that judgment plaintiff appeals to this court. It was admitted that all the prerequisites to the issuance of the certificate had been complied with, and that demand on defendant Lucio for payment of the coupon was made after the third installment became due, and before the institution of the suit. The certificate authorized suit for payment of all the coupons upon failure to pay any two of them. The certificate also authorized, in case of suit, and demand for payment had been made, the collection of a penalty of 10 per cent as attorney's fees; and the judgment for plaintiff included this penalty.

The only issue presented for our decision is, did the court err in sustaining the plea of limitation of two years to the first installment? The contention of appellant is, that the limitation prescribed in article 3203 is not applicable to suits based upon causes of action such as this; but that article 3207 of the Revised Statutes does apply. That article is in these words: "Every action other than for the recovery of real estate, for which no limitation is prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." Article 3203 requires action for debt, where the indebtedness is not evidenced by contract in writing, to be brought within two years, and not afterward.

The certificate is not a contract in writing to pay the debt or amount certified to be due from the owner of the lots (Flores v. Thorn, 8 Texas, 373–383), and consequently article 3203 does not apply to this suit. Does article 3203 apply? The word debt, as used in this article, is not restricted to its technical or common law meaning, but it has been declared by our Supreme Court to include any open, unliquidated claim for money. Louis v. Houston, 11 Texas, 641–648. The amount sued for is a claim against the owner of the lots imposed upon him by law; in other words, it is a tax assessed and levied upon his property. And in Mellinger v. City of Houston, 68 Texas, 37–42, it is expressly held,

that the fourth subdivision of article 3203 applies to suits for the recovery of taxes. Under these authorities, we are constrained to hold that the court did not err in sustaining the defense of limitation. The record does not show that appellee assigned any errors in the court below; and assignments made in this court, and not in the court a quo, will not be considered.

The judgment is affirmed.

*Affirmed.*

Delivered February 28, 1895.

Writ of error refused.