## STARK v. LONG. (No. 10934.)*

(Court of Civil Appeals of Texas. Fort Worth. Feb. 7, 1925. Rehearing Denied March 14, 1925.)

1. Limitation of actions ⬤⟹25(9)—Suit to recover deposits in bank governed by two year and not four year statute of limitations; "contract in writing."

An ordinary bank book, not signed by any one authorized to bind bank, and not containing a definite promise to pay, does not constitute an instrument in writing, and hence an action against alleged partner in a bank for sums deposited there by plaintiff is governed by the two year (Rev. St. art. 5687, subd. 4) and not the four year (article 5688, subd. 1), statute of limitations.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Written Contract or Agreement.]

On Motion for Rehearing.

2. Limitation of actions ⬤⟹25(9)—Passbook held not "contract in writing" binding bank to pay depositor amount mentioned.

A notation in a bank passbook, not alleged to have been signed by anybody authorized to do so, is not a "contract in writing," binding bank to pay depositor amount so mentioned.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by J. G. Stark against D. T. Long. Judgment for defendant, and plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant.
Geo. E. Smith, of Comanche, for appellee.

BUCK, J. Plaintiff, J. G. Stark, sued defendant, D. T. Long, as a partner in the "Merchants' & Planters' Bank, unincorporated, of Hasse, Tex.," or, if the defendant was not a partner in the bank, plaintiff alleged he represented himself to be, thus causing plaintiff to deposit a sum of money in said

bank, and that subsequently said bank failed, at which time plaintiff had on deposit in said bank the sum of $1,650.98. Plaintiff alleged that on August 6, 1919, he deposited $1,000 in said bank; that prior to said time, although doing business in Hasse, he was suspicious and fearful of said bank's solvency, and kept his bank account with and deposited his money in the Comanche National Bank, of Comanche, Tex.; that he was induced to deposit his money in the Merchants & Planters Bank by the statement of W. D. Long, cashier and manager of said bank; that his father, D. T. Long, was behind said bank, as well as his father-in-law, R. L. Masters; that plaintiff talked to the defendant about the matter of transferring his account from the Comanche National Bank to the Hasse bank, and that said D. T. Long represented to him that he was behind the Merchants & Planters Bank; that these statements made to him by W. D. Long and D. T. Long were intended to and did make him believe that they were partners and responsible for the liabilities of said bank. He further alleged that he deposited various sums in the Merchants & Planters Bank thereafter, and drew checks on said account, and on January 3, 1921, said bank failed, closed its doors and ceased to do business, and that at that time he had a balance to his credit of $1,599.74. The defendant answered by way of a general demurrer, several special exceptions, and a plea of the two years' statute of limitation. Defendant specially denied under oath that he was at any time a member of the copartnership constituting the Merchants & Planters Bank of Hasse, and denied that he ever claimed or asserted to plaintiff at any time that he was behind said bank or had any connection whatever therewith, and specially denied that he ever authorized W. D. Long or any other person to represent or state to the plaintiff that he was a member of said copartnership, or was behind said bank, or was in any other way interested therein. The trial court overruled defendant's general demurrer and special exceptions, but sustained his plea of limitation. From a judgment in favor of the defendant, the plaintiff has appealed. It will be noticed that suit was filed August 4, 1923, and that the bank failed on January 3, 1921; thus two years, seven months, and one day elapsed between the failure of the bank and the filing of the suit.

If the passbook or deposit book issued by the bank constituted a contract in writing, under article 5688, subd. 1, of the Revised Statutes, then the four years' statute of limitation would apply, and it would become a question of fact as to whether defendant was a partner in said banking institution, or had estopped himself to deny that he was such partner, in which case the judgment for defendant on the pleadings was not justified.

Anderson v. Walker, 49 S. W. 937–949, was an action on a county treasurer's bond to recover on a defalcation. The sureties, having filed a cross-action against the bank, alleged in substance that the bank had certified that the treasurer had according to the bank's books an accrued balance of $2,200, which certificate was in writing over the signature of the president of the bank. This statement was pleaded as an estoppel against the bank. The Court of Civil Appeals held, in discussing the legal effect of the statement so rendered by the bank, that:

"The written statement given by the bank to the finance committee was not a contract fixing the rights of the county and the bank. It occupies no higher plane than would a verbal statement or admission, and, apart from the question of estoppel, was not conclusive, and could be explained or contradicted."

The Supreme Court, in passing upon this case, in 93 Tex. 119, 53 S. W. 821, said:

"It is doubtless true that conduct of the bank is here alleged such as would be sufficient to estop it from denying the truth of its representation in favor of any one entitled to rely upon its truth who has been induced, by reliance upon it, to so act or refrain from acting as to place himself in a situation to suffer loss or damage, if the bank were now allowed to show that the statement was false. But, whatever of moral wrong or fraudulent purpose the conduct may have involved, only one who will suffer legal injury if its falsity be now established can assert an estoppel against proof of the truth. The general principles governing the subject are so well settled, and have been so often stated by this court, that there is no need to repeat them here. All that is necessary is to ascertain whether or not it is shown by the plea that the county is in a position to demand that the bank be held to the statement as if it had been true, notwithstanding its offer to show that it was false. There is no pretense that any estoppel arose in favor of the sureties; their contention being that it existed in favor of the county, and that the resulting right inures to their benefit by subrogation. Whether or not this last position be sound, even if there were an estoppel in favor of the county, is a question we need not consider, since we are of the opinion that no estoppel is shown by the plea. * * *

"It is an undisputed fact that a credit to the county was entered upon the bank books, and this, prima facie, represented so much money on deposit belonging to the county. It is true that this was only evidence of the fact, and that it was open to explanation. * * * The entry did not control the understanding under which it was made, and conferred no greater right than the parties to the transaction intended by it. Evidence was admissible to show the whole of the transaction, and the purposes of the parties are to be deduced from the whole of such evidence."

In the case of Ballard v. Murphy (Tex. App.) 15 S. W. 42, by the Court of Appeals, it appears that an action was brought against the administratrix of an estate to recover the

amount of witness fees evidenced by an account in the form of certificates. It was contended that the claim was barred by the two years' statute of limitation, which contention was upheld by the Supreme Court.

In O'Connor v. Koch, 9 Tex. Civ. App. 586, 29 S. W. 400, it appears that a suit was brought for indebtedness evidenced by what is termed "an improvement certificate" issued by the city of Houston, and upon its face bearing interest at the rate of 8 per cent., per annum, having coupons attached for each installment of principal and interest, and that the certificate was authorized by the charter of the city and operated as a lien upon certain lands for the improvement made upon the street on which the lands abutted. The lands were subsequently purchased from the original owner; the lien being fixed at the time of the purchase. A suit was brought to enforce the lien, and defendant answered by plea of limitation of two years, and as against this holding it was contended by appellant that that statute of limitation was not applicable, but that the four years' statute of limitation should apply. The Galveston Court of Civil Appeals held that "the certificate is not a contract in writing to pay the debt, or amount certified to be due from the owner of the lots." A writ of error was refused in this case.

In Stacy v. Parker, 63 Tex. Civ. App. 129, 132 S. W. 532, by the Galveston Court of Civil Appeals, writ of error denied, a suit was brought upon an alleged contract in writing. Plaintiff alleged that he and defendant had a settlement of accounts between them, when it was ascertained that the defendant owed the plaintiff certain money which the defendant agreed to pay. The defendant, among other matters, in bar of the plaintiff's account, set up the two and four years' statute of limitation. The court disposed of the case as to the effect of the form of the indebtedness in the following language:

"There was no definite agreement with regard to the payment of the $671.39. Parker testified that, as to this, Stacy was not able to pay him, and he agreed to 'carry the same' for him, but does not say for how long; nor is there anything in the evidence as to any agreement for any definite credit for this amount. From the evidence, viewing it in the most favorable light for appellee, we find that this amount was an ordinary stated account, due, at least, on demand. Stacy was in bad health and insolvent. It is not shown that Parker ever at any time made any demand upon Stacy for payment of this indebtedness until after the insolvency of the insurance company, as hereinafter set out."

In Glover v. Storrie, 18 Tex. Civ. App. 6, 43 S. W. 1035, writ of error denied, there was presented a case in which an action was brought by one Storrie against Glover to recover upon an improvement certificate issued by the city of Houston, under authority of its charter, for work done by Storrie as contractor in the construction of a sewer within the city, it being alleged that Storrie had faithfully performed the work in compliance with the terms of the contract, and in compensation was thereupon issued·an improvement certificate, "which bore date and became due and payable April 18, 1894, and that by the contract, which was in writing," Storrie agreed to do the work for a specified price, setting out the effect of a lien on property against certain owners of real estate, and praying for a personal judgment and foreclosure of the lien. The defendant excepted to the, petition on the ground that the cause of action accrued more than two years prior to the commencement of the suit. The court held that neither the contract under which the work was done nor the certificate showing the amount assessed against the appellant's land was a contract with the appellee, and concluded with this language:

"We are also still of the opinion that the assessment comes within the decision of the case of Mellinger v. .City of Houston, 68 Tex. 37, 3 S. W. 249, and that the two years' statute should apply to the action, as for the debt, rather than the general four-years' statute."

In 3 R. C. L. § 197, p. 569, it is said:

"Actions to recover general deposits evidenced by entries in the depositor's passbook have been held to be governed by the statute relating to actions on oral contracts, and not by the statute relating to action on written contracts, as the pass book is not a written contract, though this has been denied."

See Talcott v. Bank, 53 Kan. 480, 36 P. 1066, 24 L. R. A. 737; Davis v. Lenawee Bank, 53 Mich. 163, 18 N. W. 629.

The only case cited in 3 R. C. L. p. 569, holding to the rule contrary to that stated in the text is Schalucky v. Field, 124 Ill. 617, 16 N. E. 904, 7 Am. St. Rep. 399. In that case it is said:

"In Jassoy v. Horn, 64 Ill. 379, ·the action was assumpsit, and the evidence of indebtedness, produced by the plaintiff, was a depositor's bank book kept in the usual form; the bar of five years was pleaded. but it was held that the account evidenced by the bank book was not barred until the lapse of sixteen years after the cause of action accrued. In that case we said: 'The entries in the book were made by the bankers, and they charged themselves with the money deposited. They constituted "evidence of indebtedness in writing," within the meaning of the statute.' "

[1] But we believe, under the great preponderance of the decisions in the several jurisdictions, especially in Texas, that an ordinary bank book, not signed by any one authorized to bind the bank, and not containing a definite promise to pay, does not constitute an instrument in writing, and the

liability of the bank is determined by the two years' statute of limitation (Rev. St. art. 5687, subd. 4). See Cureton & Harris on Bank Laws of Texas, p. 102, §§ 72–76, inclusive, and cases there cited.

In 1 R. C. L. p. 214, § 12, it is said:

"It is well settled that the entry of the debits and credits in a depositor's passbook by a banking institution, striking a balance, and then delivering the book to the customer with his canceled checks, constitutes a rendition of account, so that the retention of the book so balanced by the customer for an unreasonable time, without objection to the account rendered, will constitute an account stated."

An ordinary deposit with the bank usually has the effect simply of creating the relationship of debtor and creditor. The mere notation in a passbook of the transaction does not change or in any manner alter this relationship nor confer any greater right upon the bank's customer as respects the liability of the bank than existed before the notation of such transaction. The passbook is merely evidence of the transaction. In 3 R. C. L. p. 533, § 163, it is said:

"It is within common knowledge that the object of a passbook is to inform the depositor from time to time of the condition of his account as it appears upon the books of the bank. It not only enables him to discover errors to his prejudice but supplies evidence in his favor in the event of litigation or dispute with the bank. In this way it operates to protect him against the carelessness or fraud of the bank. The sending of his passbook to be written up and be returned with the vouchers is therefore in effect a demand to know what the bank claims to be the state of his account. And the return of the book, with the vouchers, is the answer to that demand, and in effect imports a request of the bank that the depositor will, in proper time, examine the account so rendered, and either sanction or repudiate it."

See National Dredging Co. v. Bank, 6 Pennewill (Del.) 580, 69 A. 607, 16 L. R. A. (N. S.) p. 598, 130 Am. St. Rep. 158, to the same effect.

In 3 R. C. L. p. 531, § 160, it is said:

"An entry in the passbook, however, is not a written contract within the rule that parol evidence is inadmissible to vary a written contract, but it is in the nature of a receipt and is prima facie evidence that the amount credited was received by the bank, and the entries may be explained or contradicted."

In paragraph 16, p. 532, of the same volume of R. C. L., it is held that the passbook is merely evidence of "an account stated."

From these authorities, and others that might be cited, we are of the opinion that any cause of action that plaintiff below might have had against defendant was barred by the two years' statute of limitation, and that the judgment below must be affirmed, and it is so ordered.

## On Motion for Rehearing.

Appellant has filed a vigorous motion for rehearing, in which he takes issue with the holding of this court in the original opinion, and, though we have carefully considered said motion, we believe our former opinion was correct, and that we must adhere to the conclusion therein reached.

Appellant urges that Williams v. State, 86 Tex. Cr. R. 640, 218 S. W. 750, by the Court of Criminal Appeals of this state, is in point and contrary to our original conclusions, and he urges that the opinion of that court ought to have great weight. We agree that the Texas Court of Criminal Appeals is a court of final jurisdiction in criminal cases, and that the judges thereof, past and present, have been able lawyers and jurists. In passing it may be said, to remove any thought held by the counsel for appellant that we do not give the opinion of that court due weight, that one of the present justices of that court is a brother-in-law of the writer, and we agree that he and his associates are able lawyers.

But we did not think this case, cited by appellant in his brief, was pertinent to the decision of the questions presented in the instant case. In Williams v. State, supra, the court merely decided that a duplicate deposit slip could be the subject of forgery, citing the case of State v. Jackson, by Supreme Court of Missouri, 221 Mo. 478, 120 S. W. 70, 133 Am. St. Rep. 477. That case was as to duplicate deposit slips, purporting to be signed by the cashier of the bank. By our penal statute, forgery is defined as follows:

"He is guilty of forgery who, without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing, purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever." Penal Code, art. 924.

"'Pecuniary obligation' means every instrument having money for its object, and every obligation for the breach of which a civil action for damages may be lawfully brought." Penal Code, art. 930.

Article 5688, Rev. Civil Statutes, subd. 1, is as follows:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

[2] We are of the opinion that the notation in the passbook, as pleaded in the instant case, especially since it was not alleged that it was signed by anybody authorized

(270 S.W.)

by the bank so to do, is not a contract in writng binding the bank to pay to the depositor the amount so mentioned. 3 R. C. L. p. 531, § 160.

The motion for rehearing is overruled.