## HILLMER et al. v. ANDERSON.

District Court, W. D. New York.
June 24, 1936.

Leonard & Cass, of Jamestown, N. Y., for plaintiffs.

Rogerson, Clary & Hewes, of Jamestown, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiff Armin F. Hillmer is a creditor of the Chicago Bank of Commerce, a banking corporation of the state of Illinois. On the 25th day of June, 1932, it was determined that the capital of said bank had become impaired and the bank was prohibited from the further carrying on of its business. A receiver was appointed on the 28th day of June to con-

vert the assets of the bank into money and distribute it among the creditors of the bank. Another receiver was appointed at the same time to collect, receive, and disburse amounts due from stockholders of said bank on account of their ownership of stock therein, and plaintiff J. A. Whalen is successor to such receiver. Frank O. Anderson was a stockholder in said bank. This action is brought under article 11, section 6, of the Constitution of the state of Illinois, to enforce his liability to creditors of the bank, in an amount equal to the shares held, for liabilities accrued while he was a stockholder.

Article 11, section 6 of the Constitution of the state of Illinois provides as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

The action was commenced by service of the summons and complaint on defendant on the 3d day of February, 1936.

■■ Defendant moves for judgment dismissing the complaint on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. Section 49 of the Civil Practice Act of the state of New York provides that an action against a stockholder of a moneyed corporation or banking association to enforce a liability created by statute must be commenced within three years after the cause of action has accrued. It further provides that the cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the liability was created. Federal courts sitting in New York state will enforce the statute of limitations of said state in an action to enforce the liability of a stockholder of a banking corporation, even though said corporation be organized under the laws of another state. Platt v. Wilmot, 193 U.S. 602, 24 S.Ct. 542, 48 L.Ed. 809; Ramsden v. Gately (C.C.) 142 F. 912; Whitman v. Atkinson (C.C.A.) 130 F. 759, 761; Seattle National Bank v. Pratt (C.C.) 103 F. 62. Section 13 of the Civil Practice Act of New York provides that, when a cause of action arises out of the state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws of a state or country where the cause of action arose, for bringing an action upon such cause of action, except where such cause of action originally accrued in favor of a resident of this state. The abovementioned section constitutes an additional limitation on the cause of action, but is not important to the consideration of the instant case as the law of the state of Illinois, section 17 of chapter 83, Smith-Hurd Ann.St. provides that actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing shall be commenced within ten years next after the cause of action accrued. This section applies to suits to enforce liability of bank stockholders. Palmer v. Wood, 48 Ill.App. 630, affirmed Palmer v. Woods, 149 Ill. 146, 35 N.E. 1122; Schalucky v. Field, 124 Ill. 617, 16 N.E. 904, 7 Am.St.Rep. 399. It is evident that the period of limitation set up by the law of Illinois has not expired, and if the action is barred, it must be barred by the statute of New York.

■■ The law of New York in regard to the accrual of an action against a stockholder differs in substance from that of Illinois. While the liability is constitutional in each state, the Banking Law of New York, § 80, provides that when a liability of stockholders exists and the superintendent of banks has duly taken possession of the property and business of the corporation and has determined to make an assessment and has given proper notice to the shareholders, making demand on each shareholder for payment by a fixed date of the amount of the assessment levied against him according to the number of shares held and said stockholder fails or neglects to pay said amount within the time so fixed, the superintendent shall have a cause of action against such stockholder either severally or jointly with other stockholders for the amount of such unpaid assessment or assessments. Section 120 further provides that, when the superintendent shall have taken possession of the property and business of a bank or a permanent receiver of such bank shall have been appointed, all actions to enforce the liability of stockholders shall be taken and prosecuted only in the name of the superintendent or the receiver, unless such officer shall refuse to take such action or proceeding upon proper request in writing made by any creditor, or shall have failed

or neglected to commence such action or proceeding within sixty days after receipt of such a request, in which event such action or proceeding may be taken by any creditor of the bank. But no such action shall be brought by a creditor until a judgment shall have been recovered by him against the bank and an execution thereon shall have been returned unsatisfied in whole or in part. Under these provisions a cause of action accrues against the stockholder and in favor of the superintendent only after failure of the stockholder to pay a duly levied assessment and a creditor may bring an action only after such failure and after refusal of the superintendent or receiver to commence action or his failure to commence action after request by a creditor, and after said creditor has recovered a judgment against the bank and had execution returned unsatisfied, at least in part.

■■ "When a cause of action is created by statute, the question when the right of action is brought into existence, and what conditions authorize its enforcement, is one of judicial construction, and, upon all questions concerning the interpretation and construction of the statute of a state, the decisions of the highest court of that state are authoritative and controlling." Whitman v. Atkinson, supra. Under the law of Illinois the liability of a stockholder to creditors accrues at the same time that the cause of action accrues against the bank. Boor v. Tolman, 113 Ill.App. 322, Schalucky v. Field, supra. The following quotation from Babka Plastering Co. v. City State Bank of Chicago, 264 Ill.App. 142, 160, states the Illinois rule as to accrual in general terms: "The liability of the stockholder to the creditor is primary, and is regarded as that of partners, occupying the same relation to the creditor as the bank itself, owing the same debt to the depositor as the bank owes and he can be sued for the debt just as the bank may be sued, and as soon as the bank may be sued."

With regard to the time when obligations of the bank became due, it was held in Sanders v. Merchants' State Bank, 349 Ill. 547 at page 572, 182 N.E. 897, 906 (part of dissenting opinion indicating concurrence with majority on certain points): "We hold the liability of a stockholder becomes an absolute liability to the creditors of the bank when the bank refuses or neglects to pay its liability or obligation at the time and place where it is obligated to do so, or has suspended business, and is unable to pay its liability and obligations by reason of its insolvency or for any other reason. We think the majority of the court have virtually conceded that the obligation of the stockholder to the creditors and obligees of the bank are as we have indicated, and that they are not the same in character and cannot be enforced at any time until the bank has failed to discharge its obligation to such creditors or obligees. It is stated in the decision of the court that no action can be maintained against the stockholder until demand has been made upon the bank for payment. We all agree, however, that the liability of all the stockholders in this case became absolute to the creditors and obligees of the bank on December 8, 1930, because of the fact that on that date the bank suspended business and closed its doors." In the instant case it is evident that the debts of the bank, of whatever nature, accrued when it suspended business on the 25th of June, 1932, and at that time the stockholders' liability became absolute.

■ Plaintiffs contend that the allegations of the complaint do not determine the time when plaintiffs discovered the facts under which the liability was created, and, therefore, by reason of section 49 of the Civil Practice Act, it cannot be determined when the cause of action accrued and likewise cannot be determined whether the action is brought within the time limited. The complaint alleges: "that the plaintiff Armin F. Hillmer * * * is a creditor of the Chicago Bank of Commerce" and "that the plaintiff J. A. Whalen * * * was heretofore appointed * * * receiver for the purpose of controlling, receiving and disbursing amounts due from stockholders" and that the "plaintiffs bring this suit on behalf of themselves and on behalf of all other creditors of said Chicago Bank of Commerce." It is further alleged that "on said 25th day of June A. D. 1932, said Oscar Nelson, as auditor as aforesaid, did then and there take such control of the property, assets and business of the bank as to prohibit it from further carrying on the business for which it was organized, and since last-mentioned day said bank has not carried on the business for which it was organized, and which it had theretofore carried on." There has been submitted on the motion an exemplified copy of the order appointing the predecessor of the plaintiff Whalen. This order

discloses that said receiver was appointed in an action entitled A. Hillmer, et al., complainants, against Chicago Bank of Commerce, a banking corporation, et al., defendants. The fact that plaintiff Hillmer commenced such proceedings is conclusive as to his knowledge at that time of the facts under which the liability of the bank to him arose.

The receiver J. A. Whalen must be charged with the knowledge of his predecessor. Having been appointed for the purpose of enforcing the liability of stockholders to creditors, they must be charged with knowledge of the fact that defendant's liability accrued no later than the date on which the business of the bank was suspended. They must be charged with knowledge that all obligations owing to creditors accrued at that time and that said creditors could immediately commence action against all or any of the stockholders. The receiver may not plead ignorance of the facts upon which the cause of action is based as a reason for extending the period within which suit may be commenced.

Furthermore, the receiver is not entitled to bring this action in this court. The receiver as such has no cause of action, having no title to the rights which he seeks to enforce. He is an arm of the court of his appointment, and his jurisdiction is limited to that of said court. The cause of action against the stockholders being vested by law in the creditors, the court could not and did not transfer to the receiver the title to such cause of action. McCandless v. Furland, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202; Grant v. A. B. Leach & Co., 280 U.S. 351, 50 S.Ct. 107, 74 L.Ed. 470; Sterrett v. Second National Bank, 248 U.S. 73, 39 S.Ct. 27, 63 L.Ed. 135; Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380; Booth v. Clark, 17 How. 322, 15 L.Ed. 164; Hilliker v. Hale (C.C.A.) 117 F. 220. While the action is a representative action in favor of all of the creditors of the bank, and other creditors might possibly have presented to the court circumstances which would extend the period within which they might commence action, they are not parties to this action, and the court must pass upon the cause of action as it relates to the parties appearing before it. It appearing that plaintiff Whalen does not have a cause of action, and, further, that if said plaintiff did have a cause of action, it would be barred, together with that of plaintiff Hill-

mer, since more than three years have elapsed since the defendant's liability accrued and plaintiffs acquired knowledge of the facts upon which their cause or causes of action are based, the motion to dismiss the complaint must be granted.

It is unnecessary to pass upon the motion to dismiss the complaint as to Armin F. Hillmer on the ground of misjoinder of parties.