## CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO v. BEST et al.

District Court, S. D. New York.
July 12, 1937.

Chadbourne, Wallace, Parke & Whiteside, of New York City (William Wallace and Leonard P. Moore, both of New York City, of counsel), for plaintiff.

Shearman & Sterling, of New York City (Frank A. F. Severance, of New York City, of counsel), for defendant Garrard B. Winston.

Mudge, Stern, Williams & Tucker, of New York City (George L. Trumbull and John Wallis, of New York City, of counsel), for defendant William Best.

Carpenter, Whit & Landau, of New York City (John Tilney Carpenter, of New York City, of counsel), for defendants Central Hanover Bank & Trust Co., as successor trustee, etc., and Continental Investing & Realty Corp.

COXE, District Judge.

These are motions by certain of the defendants to dismiss the amended complaint on the ground that it appears upon its face that the action is barred by limitation.

The action is in equity to enforce double liability against stockholders of Peoples Trust & Savings Bank, an Illinois banking institution; and it is insisted by the defendants that the action was not commenced within three years after the cause of action accrued as required by section 49, subdivision 4, of the New York Civil Practice Act.

The complaint alleges that the plaintiff loaned $16,421,642.48 to the Peoples Bank on June 9, 1932, under an agreement, dated on that day, providing for repayment on June 1, 1934; that there is due and unpaid on the loan $2,488,271.32; that the defendants were, at the time the loan was made, stockholders of the Peoples Bank in various stated amounts; that under the Illinois Constitution and statutes the defendants are liable as stockholders for the unpaid debts of the bank to the extent of the par value of their respective stock holdings; that the par value of such stock is $100 a share; and praying that the liability of the defendants be enforced in equity for the benefit of all creditors of the Peoples Bank.

The agreement under which the loan was made is attached to the complaint as an exhibit, and provides in substance that the plaintiff will loan to the Peoples Bank an amount sufficient to pay all of the then existing disclosed liabilities of the Peoples Bank, not exceeding $16,421,642.48, taking as collateral security for the payment of the indebtedness all of the property and assets of the Peoples Bank. By the agreement, the plaintiff in effect assumed all of the known outstanding liabilities of the Peoples Bank, existing on June 9, 1932, and undertook to liquidate the property and assets, applying any proceeds or recoveries, as received, in reduction of the indebtedness. The plaintiff was given in the agreement the broadest general powers not only to contest and settle claims but also to liquidate the property and assets; and it was provided that any surplus remaining after the indebtedness had been paid would be turned back to the Peoples Bank.

The agreement also provides as follows: "Said Peoples Bank hereby agrees, on June 1, 1934, to pay to said Continental Bank any then unpaid balance of the amount so loaned to said Peoples Bank by said Continental Bank under the terms of this agreement (being the amount of said assumed liabilities as adjusted upon any contest or compromise thereof), plus any other indebtedness of said Peoples Bank to said Continental Bank hereunder, plus interest at the rate of 5% per annum on the unpaid daily balances of the amount so loaned, plus such other indebtedness, to the extent that such amount so loaned, plus such other indebtedness, has not been repaid to the Continental Bank out of the liquidation or application of the collateral security, * * *. Anything herein to the contrary notwithstanding, however, the indebtedness of said Peoples Bank to said Continental Bank shall be and become due and payable, and Peoples Bank hereby agrees to pay the same, on demand at any time, after January 1, 1933, at which said Continental Bank shall, in its uncontrolled judgment and discretion, determine, for any reason, that said indebtedness is not adequately or properly collateralized or secured. The obligation of said Peoples Bank to repay such indebtedness of said Peoples Bank to said Continental Bank shall constitute an existing and accrued liability, debt, contract or engagement of the Peoples Bank, and the responsibility and liability of the stockholders of the Peoples Bank for such liability, debt, contract or engagement under the Constitution of the State of Illinois [article 11, § 6] and the Illinois Banking Act [Smith-Hurd Ill.Stat. c. 16½, § 6] shall be and remain in full force and effect until such indebtedness shall have been repaid in full to said Continental Bank."

The complaint further alleges that this agreement was ratified on January 11, 1933, at a meeting of the stockholders of the Peoples Bank; the stock held by the present moving defendants having been voted in favor of such ratification.

It is also alleged that since June 9, 1932, the plaintiff has been engaged in the liquidation of the assets; that on January 26, 1934, the plaintiff determined that the balance due was not adequately secured, and demanded payment from the Peoples Bank of the balance due of $5,262,386.10, with interest; and that a similar determination and demand was made on June 7, 1934, at which time the indebtedness stood at $5,576,041.64.

The present action was commenced against the defendants on different dates ranging from January 7, 1936, to March 2, 1936.

The plaintiff insists that the cause of action against the defendants did not accrue until January 26, 1934, when the first de-

mand for payment was made upon the Peoples Bank. If that is correct, the action was commenced in time. The defendants, on the other hand, say that the cause of action accrued on January 1, 1933, when, according to the terms of the agreement, the plaintiff might have demanded payment from the Peoples Bank. If that is so, the action was not commenced within the three-year limitation period of the New York statute.

The liability of the defendants arises under article 11, section 6, of the Illinois Constitution, reading as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

■ It is the settled law of Illinois under this section that the liability of the stockholders of a state banking institution to its creditors is primary; that the stockholder owes the same debt to the bank as the bank owes; and that the stockholder may be sued for that debt just as the bank may be sued, and as soon as the bank may be sued. Schalucky v. Field, 124 Ill. 617, 16 N.E. 904, 7 Am.St.Rep. 399; Sanders v. Merchants' State Bank, 349 Ill. 547, 182 N.E. 897; Babka Plastering Co. v. City State Bank, 264 Ill.App. 142; Hillmer v. Anderson (D.C.) 15 F.Supp. 457. The plaintiff may, therefore, sue the defendants directly to enforce their stockholders' liability. It is clear, also, that the action is properly brought on the equity side of the court. Brusselback v. Cago Corporation (C.C.A.) 85 F.(2d) 20; Heine v. Degen, 362 Ill. 357, 199 N.E. 832; Zimmerman v. Zeimer, 363 Ill. 220, 1 N.E.(2d) 854.

■ It is generally recognized that federal equity courts, although not bound by state statutes of limitation, will ordinarily be guided by them in passing on stale claims. Benedict v. City of New York, 250 U.S. 321, 39 S.Ct. 476, 63 L.Ed. 1005; Henry v. U. S. (C.C.A.) 46 F.(2d) 640; D. O. Haynes & Co. v. Druggists' Circular (C.C.A.) 32 F. (2d) 215. And the three-year statute of New York will be applied rather than the ten-year statute of Illinois. Platt v. Wilmot, 193 U.S. 602, 24 S.Ct. 542, 48 L.Ed. 809; Hobbs v. National Bank (C.C.A.) 101 F. 75; Seattle National Bank v. Pratt (C.C.A.) 111 F. 841; Ramsden v. Gately (C.C.) 142 F. 912; Hillmer v. Anderson (D.C.) 15 F.Supp. 457.

It remains to determine when the cause of action against the defendants arose. This in turn depends on when the plaintiff could have maintained an action against the Peoples Bank to recover the balance of the indebtedness; for under the Illinois law the defendants could have been sued as soon as the bank could have been sued.

The agreement of June 9, 1932, provides specifically for the repayment of the loan, with interest, on June 1, 1934. This, with nothing more, gave the loan a fixed maturity date of June 1, 1934. But the agreement then proceeds as follows: "Anything herein to the contrary notwithstanding, however, the indebtedness of said Peoples Bank to said Continental Bank shall be and become due and payable, and Peoples Bank hereby agrees to pay the same, on demand at any time, after January 1, 1933, at which said Continental Bank shall, in its uncontrolled judgment and discretion, determine, for any reason, that said indebtedness is not adequately or properly collateralized or secured."

■ This qualifying language allowed the plaintiff to accelerate the maturity at any time after January 1, 1933, provided that it should "determine" that the indebtedness was not "adequately or properly collateralized or secured." Such determination could only be made in good faith, and not arbitrarily or capriciously. Hogan v. Akin, 181 Ill. 448, 55 N.E. 137; Roy v. Goings, 96 Ill. 361, 36 Am.Rep. 151. Similar acceleration clauses have become familiar expedients for advancing maturity dates, and they invariably require some affirmative action to make them effective. Blakeslee v. Hoit, 116 Ill.App. 83; Keene Five Cent Savings Bank v. Reid (C.C.A.) 123 F. 221, certiorari denied 191 U.S. 567, 24 S.Ct. 841, 48 L.Ed. 305; Quackenbush v. Mapes, 123 App.Div. 242, 107 N.Y.S. 1047; Siebert v. Fanger (Tex.Civ.App.) 73 S.W.(2d) 955. The principle is the same, whether the right to accelerate is dependent on the recognition of a default or a determination that the security is inadequate; in either event, some action is necessary to start the running of the statute of limitations. I think, therefore, that a determination of inadequacy, and a demand, were prerequisites to the commencement of any suit against the Peoples Bank prior to June 1, 1934; and inasmuch as the first determination and demand made by the plaintiff did not occur until January 26, 1934, I do not think that the

cause of action against the defendants accrued until that date.

The defendants lay considerable stress on a number of cases holding that a demand note is a present debt, payable without any demand, and the statute begins to run from its date. Kenyon v. Youngman, 59 App. D.C. 300, 40 F.(2d) 812; Luther v. Crawford, 116 Ill.App. 351; First National Bank v. Blackman, 249 N.Y. 322, 164 N.E. 113. But obviously these cases have no application to an agreement with a fixed maturity date, and a provision for acceleration, dependent upon a determination involving the exercise of judgment or discretion. I do not find any analogy, either, in Dawley v. Wheeler, 52 Vt. 574, so heavily relied on by the defendants. In that case, the note was payable "Five months from date," and there was a provision that the payee might "collect this note any time, by discounting a proportional amount of interest that shall have been paid in advance." This language was held to convert the note into a demand obligation. The case is quite different from the one at bar in that no determination was required as a prerequisite to an acceleration of the maturity.

The motions of the defendants to dismiss the amended complaint are in all respects denied.