Frank P. Burnett, Appellee, v. West Madison State Bank et al., Defendants. John F. Novak, Appellant.

Gen. No. 40,490.

Heard in the second division of this court for the first district at the December term, 1938.

Opinion filed April 23, 1940.

HOWARD D. MOSES and CAMPBELL, CLITHERO & FISCHER, all of Chicago, and LE FORGEE, SAMUELS & MILLER, of Decatur, for appellant; THOMAS W. SAMUELS and DELBERT A. CLITHERO, of counsel.

LOUIS DAVID FRIEDMAN, FRED ALBERT and SOL R. FRIEDMAN, all of Chicago, for appellee; I. S. FRIEDMAN and JOHN C. DEWOLFE, both of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On August 27, 1937, a suit in equity was brought by plaintiff, a creditor of the West Madison State Bank, a banking corporation, on behalf of himself and other creditors against former and final stockholders of the bank, to enforce the superadded constitutional liability of the stockholders. Defendant Novak filed a verified motion to strike the amended complaint and dismiss the cause of action as to him. The motion was overruled, he elected to stand by it, and an order was entered taking the complaint as amended as confessed by him and judgment was entered against him for the sum of $500. Novak appeals.

The facts alleged in the complaint that are material to the decision of the instant appeal are: West Madison State Bank, a banking corporation, was organized under the laws of Illinois in 1923. On November 12, 1929, a certificate of organization of Garfield State Bank was issued by the auditor of public accounts of the State because of the consolidation of West Madison State Bank with Garfield State Bank, a State bank, and the consolidation was duly effected. Garfield State Bank (the consolidated bank) carried on a banking business until June 11, 1931, when it was closed by said auditor and prohibited from further carrying on the business of a bank. The auditor appointed a receiver, who took possession of the assets and business of the bank. On August 19, 1931, the auditor filed a bill in the circuit court of Cook county against the bank praying for its dissolution, etc., and an order was entered confirming the appointment of the receiver, who entered upon the discharge of his duties, is still acting as such receiver, and said court is proceeding with the administration of the assets of the bank through the receiver. On June 11, 1931, West Madison State Bank, ''whose existence as a bank was terminated on November 12, 1929, was indebted to various persons, firms and corporations . . . in an amount of approximately $800,000 to depositors and creditors,'' and its liabilities exceeded the actual value

of its assets by more than $600,000. John F. Novak, defendant, owned five shares in the West Madison State Bank during the period from February 10, 1925, to February 9, 1928. The complaint further alleges that on June 11, 1931, West Madison State Bank "was and now is indebted to the plaintiff in the sum of $745.34 for moneys deposited in said bank from time to time, over and above all deductions, setoffs, and counterclaims, except to the extent of 44% dividends paid by the said receiver of said bank [Garfield State Bank] to general creditors of said bank including the plaintiff herein; that said indebtedness to the plaintiff and other like indebtedness owing to other persons for whose benefit this suit is brought, accrued from time to time, while said persons hereinbefore named in Paragraph Eighth hereof [one of whom was Novak, defendant], as stockholders of said West Madison State Bank, . . . remained such stockholders, and no part of said items of indebtedness due to the plaintiff and no part of the several items of indebtedness due to the other creditors of said bank on behalf of whom this suit is brought has ever been paid by said bank, or by any of said stockholders above named, but the same remain due and unpaid, except to the extent of dividends paid, as aforesaid, and amounts thereof due to the plaintiff and such other creditors constitute liabilities of said bank, for which said liabilities said stockholders named in Paragraph Eighth hereof, are liable to the plaintiff and such other creditors to an amount equal to the shares of the capital stock of said bank held by said respective stockholders during the time said respective items of indebtedness to the plaintiff and such other creditors accrued, all in accordance with the provisions of Article XI, section 6 of the Constitution of the State of Illinois"; that "the amounts which may be collected from said stockholders of said bank on account of their liabilities to the creditors of said bank, should, in equity, be applied to the common benefit of said creditors in satisfaction of the

liabilities of said bank to its creditors severally accruing to each creditor during the respective time or times said stockholders remained stockholders of said bank''; and the complaint prays that the court ascertain and declare who were the stockholders of West Madison State Bank on November 12, 1929, as well as what other persons had from time to time prior to said date been stockholders thereof and the extent of the liabilities of the present and former stockholders respectively to the creditors of the bank ''under Section 6 of Article XI of the Constitution of this State.''

The motion filed by defendant Novak to strike the complaint and dismiss the cause of action as to him sets up a number of grounds in support of the motion, but in the view that we take of this appeal it is only necessary to pass upon one, viz: The Five-Year Statute of Limitations of the State of Illinois bars the right of action in this case asserted against the defendant, John F. Novak. The complaint avers that the existence of the West Madison State Bank as a corporation was terminated on November 12, 1929; that on June 11, 1931, Garfield State Bank was closed by the auditor of public accounts and prohibited from further carrying on the business of a bank, and that since that date it has wholly ceased to do business; that its liability to its creditors was over $1,600,000 in excess of the actual value of its assets. The complaint in the instant case was not filed until August 27, 1937. If the five-year statute of Limitations applies to plaintiff's action it is unnecessary to determine whether the statute commenced to run on November 12, 1929, or on June 11, 1931, as more than six years elapsed between the last-mentioned date and the commencement of the instant suit.

Paragraph 16, section 15, of the statute of Limitations of the State (Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.275]) reads: ''Actions on unwritten contracts, expressed or implied, or on awards of arbitra-

tion, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Paragraph 17, section 16, [Jones Ill. Stats. Ann. 107.276] reads: "Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued . . . ."

Plaintiff concedes that a suit by a creditor of a bank to enforce the superadded constitutional liability of the stockholders may be barred by the statute of Limitations, but contends that the Ten-Year Statute of Limitations is the one applicable to such suit.

The answer to the question presented by defendant Novak's contention that the five-year statute of Limitations of the State bars the instant right of action against him is determined by the nature of plaintiff's cause of action. *Heine v. Degen*, 362 Ill. 357, decides the nature of a cause of action like the instant one. In that case certain creditors filed their bill on behalf of themselves and other creditors to enforce the liability of stockholders of a certain bank under section 6 of Article XI of the Constitution of 1870, and "An Act to revise the law with relation to banks and banking," approved June 23, 1919. The court held (p. 379): "The [stockholders'] liability is a primary one imposed by the constitution and the statute, and is read into the contract of purchase, by operation of law, whenever a share of stock is bought." A right of action based upon a contract raised by implication of law is barred in five years. The nature of an action to enforce the superadded liability of a bank stockholder imposed by the Constitution precludes the theory of a written contract between the creditors and the stockholders. In support of plaintiff's contention

that the ten-year limitation applies, *Schalucky v. Field,* 124 Ill. 617, and *Palmer v. Wood,* 48 Ill. App. 630, are cited. In each of these cases the action was based on the provisions of a special charter issued to the bank prior to the adoption of the Constitution of 1870, and the cases, in our judgment, have no bearing upon the question before us. Plaintiff also refers to certain language in *Golden v. Cervenka,* 278 Ill. 409, and certain language in *Sanders v. Merchants State Bank,* 349 Ill. 547. These two cases were carefully analyzed in the *Heine* case, *supra,* and it was pointed out that the language contained in the *Golden* case, and the language contained in the *Sanders* case, (relied upon by plaintiff) was *obiter dictum.* Plaintiff also cites *Cohen v. North Avenue State Bank,* 291 Ill. App. 558. That case does not support plaintiff's contention. There the court, following the rule laid down by the Supreme Court, held that the cause of action of the creditors of an insolvent bank against the stockholders does not accrue until the bank suspends business and refuses to pay its depositors. In that case the creditors brought suit within a year after the bank closed and it was held that their action was not barred by the statute of Limitations. In the instant case, as we have heretofore pointed out, plaintiff did not bring his action until more than six years after the consolidated bank closed.

Upon the oral argument plaintiff contended that because of certain allegations in paragraph "Ninth" the ten-year limitation applies. The allegations relied upon are, "all of which liabilities were and are evidenced by passbooks, or certificates of deposit, or bank books, or other evidence of indebtedness in writing." In this connection plaintiff calls attention to the following language in paragraph 17, section 16, of the statute of Limitations: "or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued." We find no merit in the contention. The allegations of the

complaint and the language of the prayer show conclusively that plaintiff's cause of action was based solely upon section 6, Article XI, of the Constitution of 1870. Plaintiff's brief states that his action is "the claim of a depositor to enforce superadded liability against a bank stockholder," under section 6 of Article XI of the Constitution. It would be idle to argue that plaintiff had any contract in writing with defendant Novak, and his suit is not, and could not be, based upon a passbook, certificate of deposit, bank book, or other evidence of indebtedness in writing. Defendant's liability was created by the Constitution, and, as we have heretofore stated, the nature of the liability precludes the theory of a contract in writing between plaintiff and defendant Novak within the meaning of paragraph 17, section 16, of the statute of Limitations. In view of the ruling in the *Heine* case, heretofore quoted, it is unnecessary to further consider the instant contention. The present action, in our judgment, falls within the comprehensive language of paragraph 16, section 15, which provides that "all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

Our conclusion is that the five-year statute of Limitations of the State applies to the instant action and that under the facts alleged in the complaint plaintiff's right of action is barred. In view of this conclusion we deem it unnecessary to pass upon several other contentions raised by defendant Novak, and strenuously argued.

The judgment of the circuit court of Cook county is reversed and the cause is remanded with directions to the trial court to sustain defendant Novak's motion to strike the complaint and dismiss the cause as to him.

*Judgment reversed and cause remanded with directions to the trial court to sustain defendant Novak's motion to strike the complaint and dismiss the cause as to him.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.